PEOPLE v. CAVANAGH et al.

(Supreme Court, Appellate Division, Second Department. May 16, 1913.)

1. INDICTMENT AND INFORMATION (§ 26*)—FORMAL REQUISITES.
    An indictment reciting that the grand jury of the county of K. accused defendants of the crime of being common gamblers, committed as follows: That on a day and at a place specified they, each aiding, assisting, and abetting the other, did willfully, etc., engage as dealers, game-keepers, and players in a certain gambling game commonly called "Klondike," where money was dependent upon the result, against the form of the statute in such case made and provided—was sufficient in form, within Code Cr. Proc. § 275, requiring indictments to contain the title of the action, specifying the name of the court to which the indictment

─────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is presented and the names of the parties, and a plain and concise statement of the act constituting the crime.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 115, 116; Dec. Dig. § 26.*]

2. GAMING (§ 85*)—INDICTMENT—SUFFICIENCY—"COMMON GAMBLER."

Such indictment sufficiently charged defendants with being common gamblers, under Penal Law (Consol. Laws 1909, c. 40) § 970, providing that a person who engages as dealer, gamekeeper, or player of any gambling or banking game, where money or property is dependent upon the result, is a "common gambler," within Code Cr. Proc. § 275, requiring indictments to contain a plain and concise statement of the act constituting the crime, and within the rule that an indictment must charge both the crime and the act constituting the crime.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 220–223, 228, 261, 266; Dec. Dig. § 85.*

For other definitions, see Words and Phrases, vol. 2, p. 1323.]

3. INDICTMENT AND INFORMATION (§ 125*)—DUPLICITY.

Such indictment charged only one crime, and charged each defendant with that crime, within Code Cr. Proc. § 278, providing that indictments must charge but one crime and in one form, except as provided in section 279, which provides that a crime may be charged in separate counts to have been committed in different ways, and that where the acts complained of may constitute different crimes, such crimes may be charged in separate counts.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125;* Gaming, Cent. Dig. § 232.]

Carr, J., dissenting.

Appeal from Kings County Court. .

John Cavanagh and others were indicted as common gamblers. From an order sustaining a demurrer to the indictment the People appeal. Reversed.

See, also, 134 App. Div. 929, 118 N. Y. Supp. 1130.

The indictment is as follows:

"The grand jury of the county of Kings, by this indictment, accuse John Cavanagh, Domato Pomarico, Joseph Abrams, and Jacob Kupfer of the crime of being common gamblers, committed as follows: On the 12th day of August, 1911, at the borough of Brooklyn, of the city of New York, in the county of Kings, the said John Cavanagh, Domato Pomarico, Joseph Abrams, and Jacob Kupfer, each aiding, assisting, and abetting the other, in a certain room in a certain building, situate and known as Number 47 Rockwell Place, in the borough, city, and county aforesaid, did willfully, unlawfully, knowingly, and feloniously engage as dealers, gamekeepers, and players in a certain gambling game commonly called 'Klondike,' where money was dependent upon the result—against the form of the statute in such case made and provided."

Defendants demurred upon the grounds:

"First, that the indictment does not conform substantially to the requirements of sections 275 and 276; and, second, that more than one crime is charged in the indictment, within the meaning of sections 278 and 279; and, third, that the facts stated do not constitute a crime."

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edward A. Freshman, Asst. Dist. Atty., of New York City (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for appellants.

Jerry A. Wernberg, of Brooklyn, for respondents.

RICH, J. [1, 2] The indictment charged the defendants with being common gamblers under the provision of section 970 of the Penal Law (Consol. Laws 1909, c. 40), which provides:

"A person * * * who engages as dealer, gamekeeper, or player in any gambling or banking game, where money or property is dependent upon the result, * *. * is a common gambler."

Section 275 of the Criminal Code provides that an indictment must contain:

"The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties; 2. A plain and concise statement of the act constituting the crime."

I think that the indictment was sufficient in form, and that a crime was charged under section 970 of the Penal Law. Phelps v. People, 72 N. Y. 334; People v. West, 106 N. Y. 293, 12 N. E. 610, 60 Am. Rep. 452; People v. King, 110 N. Y. 418, 18 N. E. 245, 1 L. R. A. 293, 6 Am. St. Rep. 389; People v. Weldon, 111 N. Y. 569, 19 N. E. 279; People v. Bright, 203 N. Y. 73, 96 N. E. 362, Ann. Cas. 1913A, 771; People v. Herlihy, 66 App. Div. 534, 73 N. Y. Supp. 236; People v. Adams, 85 App. Div. 390, 83 N. Y. Supp. 481.

The learned counsel for respondents directs our attention to a long line of cases holding that an indictment is bad which does not charge the crime and also state the act constituting the crime. This is the rule; but it has no effect on the question presented on this appeal, because the indictment charges the crime, viz., "common gamblers," and alleges the act constituting the crime, viz., that at a time and place specifically stated the defendants—

"did willfully, unlawfully, knowingly, and feloniously engage in a certain gambling game commonly called 'Klondike,' where money was dependent upon the result."

[3] But one crime is charged, and each defendant is charged with that crime. It follows that the decision of the learned County Court was erroneous, and that the order of the County Court of Kings County, sustaining the demurrer, must be reversed.

JENKS, P. J., and BURR and THOMAS, JJ., concur. CARR, J., dissents.