Archibald C. Wemple, J.
On the adjourned date, the court received the Sheriff’s return and an amended record of conviction showing that the above-named defendant had been tried before Hon. Louis J. Rinaldi, Police Court Justice of the City of Schenectady, on the charge of being a common gambler and violation of section 970 of the Penal Law of the State of New York and, having been convicted after trial, was fined $500 and given six months in the Schenectady County Jail.
The amended record of conviction dated August 1, 1958 bore a statement that it amended the original commitment dated July 24, 1958, filed with the Sheriff as stated above. It was signed by the deputy clerk of the Police Court of the City of Schenectady.
*792 It appears that the above-named defendant was arrested on or about the 22d day of April, 1958 and arraigned in the Schenectady Police Court on April 29, 1958 on a charg'e of being a common gambler in violation of section 970 of the Penal Law.
The information upon which the arrest was made was dated April 22, 1958 and signed by one Raymond Wemple (remote-relation, if any, to the undersigned Judge). This information, in so - many words, accused the defendant of wrongfully, unjustly, unlawfully and knowingly committing the crime of common gambling on April 22, 1958 in the City and County of Schenectady ‘ ‘ in that he did on the aforesaid date at about 3:45 p.m. at the premises known as 813 Albany Street in the City of Schenectady, New York, aid and abet in the operation of a gambling establishment known as the ‘ Albany Street Card Shop ’ located at the aforesaid address.”
In the habeas corpus proceeding, this court directs its attention to the information referred to in order to inquire whether or not the Police Court of the City of Schenectady acquired jurisdiction over the defendant in the first instance. If the court did obtain jurisdiction by this information, then a release by way of' habeas corpus must be denied. On the contrary, if the court did not so obtain jurisdiction, then subsequent proceedings are nullities and habeas corpus will lie to release the defendant from his confinement herein.
Section 145 of the Code of Criminal Procedure defines an information as follows: ‘ ‘ The information is the allegation made to a magistrate, that a person has been guilty of some designated crime.”
Section 148 provides that when an information is made, the magistrate must examine under oath the informant and any witnesses he may produce, and take their depositions in writing and cause them to be subscribed. In turn, section 149 provides that the deposition must set forth the facts stated by the prosecutor and his witnesses tending to establish the commission of the crime and the guilt of the defendant.
In the light of these cited sections of law, did the information signed by Raymond Wemple, dated April 22, 1958, conform to the requirements of the code ? First, it should be noted that the deposition was in writing and sworn to before thé Police Court clerk. Next, the inquiry should be addressed to the question of whether or not the information tended to establish the commission of the crime and the guilt of the defendant ’ ’ as required by section 149 of the code. The officer, under oath, plainly charged the defendant with violating section 970 of *793 the Penal Law and, as a specification of the illegal act, stated that the defendant, at the time and place in question, did “ aid and abet in the operation of a gambling establishment.”
Can it be said that this information failed to particularize the defendant’s wrong? Was the information so vague and meaningless that the defendant was not informed of a specific crime of which he was being charged ? The common, normal, ordinary meaning attached to the words used in the information stated with clarity that the defendant at the time and place specified, was a common gambler and engaged in the operation of a gambling establishment. There was no mystery about the words used or the meaning thereof. ‘ ‘ Aid ’ ’ means to help; “ abet ” means to assist or support; and “ gambling ” means to play or game for money or other stakes. It seems to this court that the information, in plain understandable language, set forth the offense, the time and place of the commission of the offense, and the accusation that the defendant assisted in the commission of the business of gambling. A gambling establishment is not one set up to exist for a moment. On the contrary, it is a regular place for the transaction of gambling as a business. The defendant was charged with being a common gambler and not a casual player. Certainly, assisting in the operation of a gambling establishment, as the defendant herein is charged, is to be distinguished from the occasional placing of a bet or the wagering which occurs between friends, as an incident or form of recreation. To quote from People v. Farone (308 N. Y. 305, 312) “ ‘ The statute (meaning Penal Law, § 970) is aimed at the stakeholder, the bookmaker and the pool seller. ’ ” Section 970 concerns itself with the type or nature of illegal activity rather than the duration of the incident or the time element thereof.
This court, therefore, finds that the information was sufficient and that the Police Court had jurisdiction of the defendant herein. The writ of habeas corpus is disallowed and dismissed.
All other matters pertaining to the trial of this defendant may properly be reviewed on appeal.
On the assumption that the defendant has filed a notice of appeal herein, with affidavit of errors, bail will be continued until such time as the defendant files a written undertaking as required by section 753 of the Code of Criminal Procedure. If such appeal has not been perfected, then the bail under which this defendant was released is hereby revoked and the defendant is remanded to the custody of the Sheriff of Schenectady County.
Submit order.