William J. Ostrowski, J.
The defendant, Victor A. Marconi, has moved to dismiss for insufficiency an information in which it is alleged that he and other named persons, “ are common gamblers in that defendants were engaged in a gambling game in that; said defendants were found in an apartment on the 2nd floor of premises 604 Washington St. Buff. N. Y. That said defendants were sitting and some standing around a large table at which table a card game was in progress. That a quantity of money to wit; $15.00, 4 decks of playing cards and a quantity of poker chips were found on said table at said time and place. All in violation of Sec. 970 of the Penal Law
In People v. Cavanaugh (157 App. Div. 224, 225) an information was held to be sufficient which charged that the defendants did, “ engage as dealers, gamekeepers and players in a certain gambling game ”. In People ex rel. Guido v. Galkins (13 Misc 2d 791, revd. 10 A D 2d 510, revd. 9 N Y 2d 77) an information was held to be sufficient which charged that the defendant did, *349 “ aid and abet in the operation of a gambling establishment ”. However, both of these cases are distinguishable since a gamekeeper and an operator of a gambling establishment are engaged in professional gambling and are, therefore, common gamblers.
Participation in a gambling game or even in a series of gambling games on the same terms as other players, for amusement or recreation, is lawful in this State. What is prohibited by section 970 of the Penal Law is professional or commercial gambling. Gambling assumes that aspect when, for example, the defendant receives a percentage of the money bet, has some advantage over the other players, engages in gambling for his living or gambles habitually and frequently. (People v. Bright, 203 N. Y. 73; People v. Formato, 286 App. Div. 357, affd. 309 N. Y. 979.)
Since the information fails to allege a single fact to show that the defendant’s participation in the gambling game had a professional or commercial aspect, I hold that it is insufficient and I grant the motion of the defendant, Victor A. Marconi, to dismiss the same without prejudice.