**UNITED STATES of America,
Appellee,**

v.

**John James BRENNAN, Patrick Dello Russo, John Fusco and Solomon Kimmel, Appellants.**

**No. 388, Docket 31950.**

United States Court of Appeals
Second Circuit.

Argued April 4, 1968.

Decided May 8, 1968.

---

James W. Brannigan, Jr., Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Robert G. Morvillo, Asst. U. S. Atty., of counsel), for appellee.

Daniel E. Isles, Orange, N. J. (Querques, Isles & Weissbard, Michael A. Querques, and Harvey Weissbard, Orange, N. J., on the brief), for appellants.

Before MOORE, WOODBURY* and SMITH, Circuit Judges.

PER CURIAM:

This is a case of a real floating crap game. Four or five times a week, from July 15, 1965, to August 5, 1965, appellants sponsored a dice game on the SS City of Keansburg as the vessel navigated from Atlantic Highlands, New Jersey, to Brooklyn, New York, to Manhattan, New York. Many of the passengers were returning from the horse races at Monmouth Park, New Jersey; presumably they were either reckless with their winnings or eager to recoup their losses. Usually, ten or twenty-five of these passengers joined in appellants' game at one time. The game lasted for the entire trip and on some occasions there was an exchange of money among appellants on arrival in New York.

The game followed a consistent pattern. Appellants rented a table from co-defendant Robert Jackson. Brennan, Dello Russo, and Kimmel stationed themselves near the end of the table which had been placed against the bulkhead. They returned the dice to the shooters. Fusco played in the game and kept it going. When Brennan and Dello Russo were arrested, the police found irregular dice in their pockets.

The district judge found appellants guilty of violating Title 18 U.S.C. § 1952, quoted in material part in the margin,[1]

---

* Of the First Circuit, sitting by designation.

1. "Title 18 U.S.C. § 1952. INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES
    (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
    (1) distribute the proceeds of any unlawful activity; or

    (2) commit any crime of violence to further any unlawful activity; or

    (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years or both.

and of conspiracy to commit that offense, Title 18 U.S.C. § 371. He found that they had carried on the unlawful activity of common gambling, New York Penal Law § 970, and of using a table and dice in a game of chance in a vessel on New York waters, New York Penal Law § 971 (4).

Appellants contend that the "thereafter" in Title 18 U.S.C. § 1952 requires that the illegal activity must occur after interstate travel has taken place. Since appellants gambled during the trip, it is argued that they did not violate the statute. The "thereafter" does not mean, however, that the illegal activity must happen after interstate travel has ceased. Here, appellants gambled after the vessel had crossed a state line. This is sufficient to support the conviction.

Appellants also argue that the game was not a "business enterprise"; they contend that it was not an " * * entrenched operation rather than a sporadic poker game or a floating crap game." United States v. Teemer, 214 F.Supp. 952, 958 (D.C.W.Va.1963). However, this floating crap game was an entrenched operation. Its regularity, location, size, operation, participants, and the exchange of money support this finding. As to state law, the evidence indicates that appellants gambled "habitually and frequently," People v. Marconi, 27 Misc. 2d 348, 217 N.Y.S.2d 232, 233 (City Ct. 1961), and as a "moneymaking pursuit," People v. Formato, 286 App.Div. 357, 143 N.Y.S.2d 205, 208, 64 A.L.R.2d 812 (App. Div.1955), aff'd, 309 N.Y. 979, 132 N.E. 2d 894 (1956).

Finally, appellants contend that converting a misdemeanor under New York law into a federal felony violates due process. This is without merit.

Affirmed.

(b) As used in this section 'unlawful activity' means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not

been paid, narcotics, or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, * * *."