**UNITED STATES of America, Appellant,**

v.

**Louis POMPONIO, Appellee.**

**UNITED STATES of America, Appellee,**

v.

**Charles J. PILUSO, Appellant.**

**Nos. 74–1667, 74–1668.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1974.

Decided Feb. 7, 1975.

Frank W. Dunham, Jr., Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., on brief), for appellant in No. 74–1667.

Alan Y. Cole, Washington, D. C. (Lee A. Schutzman and Cole & Groner, Washington, D. C., on brief), for appellee in No. 74–1667.

Albert J. Ahern, Jr., Baileys Crossroads, Va., for appellant in No. 74–1668.

Thomas K. Moore, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee in No. 74–1668.

Before BUTZNER, RUSSELL and FIELD, Circuit Judges.

FIELD, Circuit Judge:

The principal question on these appeals is the sufficiency of an indictment returned by a grand jury in the Eastern District of Virginia against Louis J. Pomponio, Jr., along with his brothers, Peter and Paul Pomponio, and their attorney, Charles J. Piluso, charging them with violating and conspiring to violate the Travel Act, 18 U.S.C. § 1952.[1]  The

---

1.  18 U.S.C.
   § 1952.  Interstate and foreign travel or transportation in aid of racketeering enterprises.
   (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
   (1) distribute the proceeds of any unlawful activity; or
   (2) commit any crime of violence to further any unlawful activity; or

charges in the indictment stemmed from payments totaling over $300,000 allegedly made by the defendants to Sidney M. Zneimer, a Vice President of the Royal National Bank in New York City, for the purpose of influencing his conduct relative to a number of loans made by the bank to corporations owned or controlled by the Pomponios.

The indictment tracks the language of the statute charging that the defendants "did willfully travel from the State of Virginia to the State of New York, with the intent to promote, manage, carry on, and facilitate the promoting, managing, establishing and carrying on of an unlawful activity, said unlawful activity being the crime of bribery, in violation of the laws of the State of New York (New York Penal Law, McKinney's Consol.Law, c. 40, Article 180)[2] and of the United States (Title 18, United States Code, Section 215)[3]; the said unlawful activity relating to the efforts of LOUIS J. POMPONIO, JR., CHARLES J. PILUSO and PAUL POMPONIO to influence Sidney M. Zneimer in the performance of his duties at the Royal National Bank by giving the said Sidney M. Zneimer checks, as detailed in the table below * * *."[4]

[1] Prior to trial the defendants filed a motion to dismiss the indictment on the ground that neither commercial bribery under the New York statute nor the receipt of commissions or gifts by a bank official proscribed by section 215 of the federal code constitute "unlawful activity" within the purview of section 1952. Judge Oren R. Lewis declined to grant the motion and set the case for trial. However, Louis J. Pomponio, Jr., was hospitalized because of illness and the trial proceeded against the other three defendants. The court granted a motion for judgment of acquittal of Peter Pomponio and the jury returned a verdict of not guilty with respect to his brother

---

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

(b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

(c) Investigations of violations under this section involving liquor shall be conducted under the supervision of the Secretary of the Treasury. As amended Pub.L. 91-513, Title II, § 701(i)(2), Oct. 27, 1970, 84 Stat. 1282.

**2.** § 180.00 Commercial bribing

A person is guilty of commercial bribing when he confers, or offers or agrees to confer, any benefit upon any employee, agent or fiduciary without the consent of the latter's employer or principal, with intent to influence his conduct in relation to his employer's or principal's affairs.

Commercial bribing is a class B misdemeanor.

**3.** § 215. Receipt of commissions or gifts for procuring loans.

Whoever, being an officer, director, employee, agent, or attorney of any bank, the deposits of which are insured by the Federal Deposit Insurance Corporation, of a Federal intermediate credit bank, or of a National Agricultural Credit Corporation, except as provided by law, stipulates for or receives or consents or agrees to receive any fee, commission, gift, or thing of value, from any person, firm, or corporation, for procuring or endeavoring to procure for such person, firm, or corporation, or for any other person, firm, or corporation, from any such bank or corporation, any loan or extension or renewal of loan or substitution of security, or the purchase or discount or acceptance of any paper, note, draft, check, or bill of exchange by any such bank or corporation, shall be fined not more than $5,000 or imprisoned not more than one year or both.

**4.** Although the indictment contained one conspiracy count under 18 U.S.C. § 371 and eight substantive counts, the government proceeded to trial on the conspiracy count and only two of the substantive counts, Counts Nos. V and IX. The quoted language is from Count No. V of the indictment, but charging language to the same effect was employed in the conspiracy count as well as Count No. IX.

Paul. Charles J. Piluso was found guilty on all three counts and has appealed his conviction in Case No. 74–1668. Thereafter, Louis J. Pomponio, Jr., was tried before Judge Albert V. Bryan, Jr., and was found guilty by the jury. During the course of that trial, Pomponio's counsel challenged the sufficiency of the indictment in a motion for judgment of acquittal. Judge Bryan, understandably, felt bound by the earlier ruling of Judge Lewis and denied the motion. However, Judge Bryan granted Pomponio's post-trial motion for arrest of judgment, holding that "Section 215 of Title 18 of the U.S.Code and the New York Penal Code, in my view do not come within the unlawful activity definition of Section 1952 of Title 18." The government has appealed this action in Case No. 74–1667.[5]

Primarily, the defendants contend that the word "bribery" as used in the Travel Act is intended to mean bribery in the classic sense of the common law which was limited to the corruption of public officials in the administration of their public trust and does not extend to such conduct by private individuals. Concededly, the crime of bribery was originally limited to cases involving the corruption of those in the public service,[6] and some statements in the limited legislative history of the Act might appear to support the position of the defendants.[7] However, while the states and the federal government have enacted statutes dealing with the corruption of public officials, they have also extended the concept of bribery into areas of private conduct which we think appropriately fall within the ambit of the Travel Act.[8] "There can be no question but that any crime of bribery involves moral turpitude,"[9] and we discern no reason why the Congress, in using the term "bribery," intended that it be limited to the corruption of public officials.[10] We find the answer to this contention of the defendants in United States v. Nardello, 393 U.S. 286, 292–293, 89 S.Ct. 534, 21 L.Ed.2d 487 (1969), where a similar argument with respect to the meaning of the word "extortion" in the Act was urged upon the Court. In rejecting this argument the Court stated:

"Appellees suggest, however, that Congress intended that the common-law meaning of extortion—corrupt acts by a public official—be retained. If Congress so intended, then § 1952 would cover extortionate acts only when the extortionist was also a public official. Not only would such a construction conflict with the congressional desire to curb the activities of organized crime rather than merely organized criminals who were also public officials, but also § 1952 imposes penalties upon any individual crossing state lines or using interstate facilities for any of the statutorily enumerated offenses. The language of the Travel Act, 'whoever' crosses state lines or uses interstate facilities, includes private persons as well as public officials."

---

5. The motion in arrest of judgment was granted pursuant to Rule 34, Fed.R.Cr.P., and is appealable under 18 U.S.C. § 3731. *See* Esposito v. United States, 492 F.2d 6 (7 Cir. 1974).

6. *See* 3 Wharton's Criminal Law and Procedure, §§ 1380 et seq. (R. Anderson Ed. 1957).

7. *See* Hearings on S. 1654–58, S. 1665 Before the Senate Committee on the Judiciary, 87th Cong., 1st Sess. (1961).

8. *See, e.g.*, 18 U.S.C. §§ 201, 203, 210, 211 and 214; N.Y.Penal Law §§ 200.00 and 200.10 (McKinney 1973), bribery of a public servant and bribe receiving by a public servant; N.Y. Penal Law §§ 180.15 and 180.25 (McKinney 1967), bribery of a labor official and bribe

receiving by a labor official; N.Y.Penal Law §§ 180.40 and 180.45 (McKinney 1967), sports bribing and sports bribe receiving.

9. United States v. Esperdy, 285 F.2d 341, 342 (2 Cir. 1961).

10. In the Southern District of New York one judge has reached the conclusion that commercial bribery under the New York statute does not fall within section 1952. United States v. Niedelman, D.C., 356 F.Supp. 979 (1973). However, he acknowledged that "[s]imilar contentions have heretofore been raised and rejected in this District [in four other decisions]." *Id.* at 981.

Paraphrasing the language of the Court in *Nardello*, "[i]n light of the scope of the congressional purpose we decline to give the term [bribery] an unnaturally narrow reading \* \* \* and thus conclude that the acts for which [defendants] have been indicted fall within the generic term [bribery] as used in the Travel Act." 393 U.S. at 296, 89 S.Ct. at 539.

The defendants further contend that since 18 U.S.C. § 215 criminalizes only the act of the bank officer who receives the proscribed thing of value, they as payors could not be convicted of an offense under that statute [11] and, accordingly, it was improperly designated as an "unlawful activity" in the indictment.[12] As pointed out in United States v. Wechsler, 392 F.2d 344 (4 Cir. 1968), the fallacy in such an argument lies in a too heavy reliance on the role played by section 215 in the indictment, and elides the fact that it serves "only as a background identification of the unlawful activities." [13] The "unlawful activity" specified in the Act may be bribery under either state or federal law and reference to such law is necessary only to identify the type of "unlawful activity" in which the defendants intended to engage. Proof that the unlawful objective was accomplished or that the referenced law has actually been violated is not a necessary element of the offense defined in section 1952. *See* United States v. Rizzo, 418 F.2d 71 (7 Cir. 1969); McIntosh v. United States, 385 F.2d 274 (8 Cir. 1967). Accordingly, we find it sufficient that the indictment charged the defendants with interstate travel with the intent, *inter alia*, to facilitate the violation of the federal statute by Zneimer. Finally, the defendants argue that our construction of the Act improperly esca-

lates these underlying misdemeanors to federal felonies, but such a contention has been summarily rejected by the courts. United States v. Karigiannis, 430 F.2d 148 (7 Cir. 1970); United States v. Brennan, 394 F.2d 151 (2 Cir. 1968).

We have considered the other points raised on Piluso's appeal and find no reversible error. Accordingly, the conviction in No. 74–1668 is affirmed. The order of the district court granting Pomponio's motion in arrest of judgment in No. 74–1667 is reversed, and the case is remanded for further proceedings consistent with this opinion.

Affirmed in case No. 74–1668.

Reversed and remanded in case No. 74–1667.

---

**11.** Incident to this contention, counsel in their arguments and briefs discussed at some length the dichotomy with respect to the question of whether the payor can be convicted as an aider and abettor under a statute such as 18 U.S.C. § 215. *See* United States v. Kenner, 354 F.2d 780 (2 Cir. 1965); United States v. Bowles, 183 F.Supp. 237 (D.C.Me. 1958); *cf.* May v. United States, 84 U.S.App. D.C. 233, 175 F.2d 994 (1949); *see also* Unit-

ed States v. Johnson, 337 F.2d 180 (4 Cir. 1964).

**12.** Defendants take the position that if either the New York commercial bribery law or the *federal statute was improperly included in the* indictment, the indictment must fall. In view of our disposition of the case, we find it unnecessary to reach this point.

**13.** 392 F.2d at 346.