**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Eddie BROWN, Defendant/Appellant,**

**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Horace Lewis BROWN,
Defendant/Appellant,**

**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Patricia KNIGHT, Defendant/Appellant.**

**Nos. 84–3016, 84–3017 and 84–3023.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 25, 1985.

Decided Sept. 3, 1985.

Jerry Diskin, Asst. U.S. Atty., Seattle, Wash., for U.S.

William J. Genego, Los Angeles, Cal., Steve Paul Moen, Shafer & Moen, P.S., Alix Foster, Appellate Federal Public Defender, Seattle, Wash., for defendants-appellants.

Before WALLACE, FARRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

On September 26, 1983, Barbara Gaddis, Horace Brown, and Patricia Knight were arrested at the Seattle-Tacoma International Airport for smuggling heroin. Gaddis subsequently agreed to cooperate with the government in exchange for pleading guilty to one count of racketeering. Gaddis testified that defendant Eddie Brown, Horace Brown's father, asked her to travel from Dallas through Seattle to Hong Kong in April 1983 with Horace Brown and Lorraine Getchaway to smuggle heroin. Gaddis stated that Getchaway and Horace

Brown obtained heroin from a man named "Big Jim" in Bangkok during the April 1983 trip. Gaddis then successfully smuggled the heroin into the United States.

Gaddis testified that Eddie Brown asked her to take a second trip in September 1983. This time she was accompanied to Hong Kong by Horace Brown and Patricia Knight. Brown and Knight then traveled to Bangkok, and Knight was carrying a package of heroin when they returned to Hong Kong. The three were arrested at the Seattle-Tacoma airport upon their return to the United States when Gaddis was discovered carrying the heroin.

On October 13, 1983, a superseding indictment was filed against Eddie and Horace Brown, Patricia Knight, and Lorraine Getchaway. Eddie Brown was tried by jury and convicted on five counts (the counts are listed as they were presented to the jury on the verdict form): conspiracy to import heroin (Count I), violation of the Travel Act, 18 U.S.C. § 1952 (1976) (Counts II and IV), and the importation of heroin (Counts III and V). Horace Brown (Counts I, III, and V only) and Patricia Knight (Counts I and V only) were tried and convicted with Eddie Brown. Lorraine Getchaway remains a fugitive.

## I. DENIAL OF REQUESTS FOR PSYCHIATRIC EXAMINATIONS.

Knight and Eddie Brown requested a psychiatric examination of Barbara Gaddis. Brown also requested an examination of John Norman, another government witness. The motions were based upon Gaddis' and Norman's admitted drug addiction and psychological problems. Both motions were denied by the district court.

■ The credibility of a witness is a jury question but the competency of the witness to testify is for the judge to decide. *See United States v. Rohrer,* 708 F.2d 429, 434 (9th Cir.1983). The district court's refusal to order the psychiatric examinations is reviewed for an abuse of discretion. *See United States v. Barnard,* 490 F.2d 907, 912 (9th Cir.1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974).

■ The district court observed the demeanor and testimony of Gaddis and Norman before denying the requests for psychiatric examinations. Both witnesses were extensively cross-examined regarding their drug use and mental problems. The jury was instructed to consider any drug use and the mental condition of each witness in determining that witness' credibility. The district court did not abuse its discretion in refusing to order psychiatric examinations of Gaddis and Norman. *See United States v. Gutman,* 725 F.2d 417, 420 (7th Cir.) *cert. denied,* — U.S. —, 105 S.Ct. 244, 83 L.Ed.2d 183 (1984); *Barnard,* 490 F.2d at 912.

## II. ADMISSION OF JOHN NORMAN'S TESTIMONY.

■ John Norman's testimony was admitted against Eddie Brown only. Norman testified that in December 1983 Eddie Brown asked him to import heroin into the United States from Bangkok. Norman was told to contact "Big Jim" in Bangkok and obtain the heroin from him. Norman went to Bangkok but returned to the United States without the heroin or the money with which he was to have purchased the heroin. Norman testified that Eddie Brown later threatened him with a gun and told Norman he had better repay the money. Two Dallas police officers testified that Eddie Brown was subsequently stopped in his car and a gun was found under the driver's seat. One officer testified that Norman told him that Eddie Brown had asked Norman to go to Bangkok to obtain dope and that Brown had threatened Norman with a gun upon Norman's return from Bangkok.

Rule 404(b), Fed.R.Evid., prohibits the introduction of evidence of other crimes or acts as character evidence but allows such evidence for other purposes such as proof of motive, intent, or common plan. *See United States v. Nadler,* 698 F.2d 995, 1000 (9th Cir.1983). "Even when offered for a proper purpose, such evidence may be excluded if its probative value is substan-

tially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury." *Id.* (citing Fed.R.Evid. 403). The district court permitted Norman to testify pursuant to Rule 404(b) as evidence of a common plan over Eddie Brown's objections.

The similarity between Norman's story (travel to Bangkok to obtain heroin from "Big Jim") and the facts of this case indicate that Norman's testimony was probative of a common plan. Evidence regarding the gun was part of Norman's overall story and was relevant for establishing why the Dallas police were contacted and for supporting the credibility of Norman's testimony. Although evidence regarding the gun was potentially prejudicial, we conclude that the danger of unfair prejudice did not "substantially" outweigh the probative value of the evidence. The district court did not abuse its discretion in admitting Norman's testimony. *Id.*

## III. MOTIONS FOR SEVERANCE.

■ Knight and Horace Brown contend that their motions for severance pursuant to Rule 14, Fed.R.Crim.P., should have been granted. The denial of the motions to sever is reviewed for an abuse of discretion. *See United States v. Wellington,* 754 F.2d 1457, 1466 (9th Cir.1985). The district court gave numerous cautionary instructions to the jury regarding evidence that was admissible solely against Eddie Brown. The jury was also instructed to consider only the individual defendant's acts in determining that defendant's guilt. *See Wellington,* 754 F.2d at 1466. We conclude that neither the disparity in proof relating to Knight and Horace Brown nor the prejudicial impact of Norman's testimony was so great as to warrant severance, particularly in light of the district court's repeated cautionary instructions. *See United States v. Guerrero,* 756 F.2d 1342, 1345–46 (9th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 105 S.Ct. 334, 83 L.Ed.2d 270 (1984).

## IV. ADMISSION OF THE PASSPORTS.

■ The defendants objected to the admission of the passports of Gaddis, Knight, and Horace Brown. The defendants did not contest the trustworthiness of the passports but objected on the ground that they had not received pre-trial notice of the government's intent to rely upon Rule 803(24), Fed.R.Evid. The district court's admission of the passports pursuant to Rule 803(24) is reviewed for an abuse of discretion. *See United States v. Friedman,* 593 F.2d 109, 118 (9th Cir.1979).

■ Evidence may not be admitted under Rule 803(24) unless notice of reliance upon the rule is given "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet [the evidence]." Fed.R.Evid. 803(24). Although Rule 803(24) may require pre-trial notice, we have excused the failure to give pre-trial notice in a civil case where the adverse party had an opportunity to attack the trustworthiness of the evidence. *Piva v. Xerox Corp.,* 654 F.2d 591, 596 (9th Cir.1981). Other circuit courts have applied the same principle in criminal cases. *See United States v. Parker,* 749 F.2d 628, 633–34 (11th Cir.1984); *United States v. Medico,* 557 F.2d 309, 316 & n. 7 (2d Cir.) (applying identical notice provision of Rule 804(b)(5) ), *cert. denied,* 434 U.S. 986, 98 S.Ct. 614, 54 L.Ed.2d 480 (1977).

■ In this case, the defendants had ample opportunity to attack the trustworthiness of the passports. They did not move for a continuance or claim that they were unable to meet the evidence. *See Parker,* 749 F.2d at 633. The district court did not abuse its discretion in admitting the passports under Rule 803(24).

## V. SUFFICIENCY OF COUNTS II AND IV.

### A. Count IV (Travel from Hong Kong to Seattle).

■ Count IV alleged that Eddie Brown induced Gaddis, Knight, and Horace Brown to travel from Hong Kong to Seattle in

September 1983 in violation of the Travel Act. 18 U.S.C. § 1952 (1976). "An indictment under the Travel Act requires allegations of each of the three elements of the crime: (1) interstate commerce or use of an interstate facility (2) with intent to promote an unlawful activity and (3) a subsequent overt act in furtherance of that unlawful activity." *United States v. Tavelman*, 650 F.2d 1133, 1138 (9th Cir.1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982). Eddie Brown argues that Count IV insufficiently alleged the occurrence of a subsequent overt act because the importation of the heroin "occurred before, or at least simultaneously with, the conclusion of the travel." Eddie Brown's Opening Brief, at 16. According to Brown, the Travel Act requires that the overt act occur after the foreign travel has *ended*. Challenges to the sufficiency of an indictment are reviewed *de novo*. *See United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

In *United States v. Brennan*, 394 F.2d 151, 152–53 (2d Cir.) (per curiam), *cert. denied*, 393 U.S. 839, 89 S.Ct. 117, 21 L.Ed.2d 110 (1968), the Second Circuit rejected an argument similar to Brown's: "The 'thereafter' does not mean ... that the illegal activity must happen after interstate travel has ceased. Here, appellants gambled after the vessel had crossed a state line. This is sufficient to support the conviction." *Id.* at 153. The result in *Brennan* is supported by cases holding that the "unlawful activity" need not be completed for a Travel Act violation to be upheld. *See United States v. Goldfarb*, 643 F.2d 422, 426 (6th Cir.), *cert. denied*, 454 U.S. 827, 102 S.Ct. 117, 70 L.Ed.2d 101 (1981); *United States v. Peskin*, 527 F.2d 71, 79 n. 3 (7th Cir.1975), *cert. denied*, 429 U.S. 818, 97 S.Ct. 63, 50 L.Ed.2d 79 (1976). Thus, the fact that Gaddis, Knight, and Horace Brown failed to reach their ultimate destination (Dallas) does not make the Travel Act inapplicable. The three attempted to import heroin after their plane had entered the United States. The allega-

tions of Count IV therefore properly state an offense under the Travel Act.

B. Count II (Travel from Seattle to Hong Kong).

 Count II alleged that Eddie Brown induced Gaddis, Getchaway, and Horace Brown to travel from Dallas through Seattle to Hong Kong in April 1983. Eddie Brown argues that Count II fails to state an offense under the Travel Act because it does not allege a violation of the laws of Hong Kong, the jurisdiction where the travel alleged in Count II ended. Brown's argument relies entirely upon *United States v. Zemater*, 501 F.2d 540 (7th Cir. 1974) (per curiam).

The indictment in *Zemater* alleged that the defendants had traveled from Chicago to Saigon and violated Illinois' pandering laws while in Saigon in December 1970. *Id.* at 544. There was no allegation that the defendants engaged in illegal activity in Illinois after the trip to Saigon. The Seventh Circuit stated that the Travel Act "appears to require that the activity following the travel [must violate] the law of the jurisdiction in which it occurs." *Id.* (footnote omitted). Thus, the unlawful activity must violate the laws where the *activity* occurs, not necessarily the laws where the travel ended. *Id.* at 544 n. 11 ("Had the Government charged a violation of the Travel Act with reference ... to [defendant's] September [1970] trip from Milwaukee to Saigon ... and thereafter the violation of the Illinois Pandering Act [in Chicago in mid-November 1970], the problem presently under consideration would not arise."). *See also United States v. Griffin*, 699 F.2d 1102, 1106 n. 8 (11th Cir. 1983).

In this case, the defendants' travel did not completely end in Hong Kong and Count II alleged that they subsequently imported heroin into the United States. Thus, even assuming that the unlawful activity must violate the laws of the jurisdiction where the activity occurs, *see United States v. Jones*, 642 F.2d 909, 913 n. 6 (5th Cir.1981) (rejecting *Zemater* ), Count II sat-

isfies that requirement. We have previously rejected Eddie Brown's argument that he should not be punished for each leg of travel. *See United States v. Polizzi,* 500 F.2d 856, 898–99 & n. 7 (9th Cir.1974), *cert. denied,* 419 U.S. 1120, 95 S.Ct. 803, 42 L.Ed.2d 820 (1975).

## VI. CONCLUSION

For the reasons discussed above, the convictions of Eddie Brown, Horace Brown, and Patricia Knight are

AFFIRMED.