818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee
v.
Earl Martin PRICE, Jr., Defendant--Appellant
 No. 86-5107.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1987.
Decided May 7, 1987.
 
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Larry Allen Nathans, Assistant Federal Public Defender (Fred Warren Bennett, Federal Public Defender; Beth Farber, on brief), for appellant.
 Robert J. Mathias, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Earl Martin Price, Jr. was convicted on five counts of mailing threatening communications in violation of 18 U.S.C. Sec. 876. He appeals, contending that the district court committed reversible error by receiving into evidence certain postmarks to prove that the communications were put into the United States mails. Specifically he argues that the postmarks did not fall into the residual exception to the hearsay rule, Fed. Evidence Rule 803(24), and that the government did not comply with the notice requirements of the rule.*
 
 
 2
 We affirm.
 
 
 3
 We agree with the dictum in United States v. Cowley, 720 F.2d 1037, 1045 (9 Cir. 1983), that a postmark is a "perfect candidate" for admission under Rule 803(24). It is at least as trustworthy as government documents, business records and other evidence admissible under enumerated exceptions to the hearsay rule. Like a business record, a postmark is a record maintained in the ordinary course of postal service business, and is not something created on special occasions. It is a record that is unlikely to be fabricated or misapplied by a postal worker.
 
 
 4
 While it is true that, in a departure from the preferred practice, see United States v. One 1968 Piper Navajo Twin-Engine, 594 F.2d 1040, 1041 (5 Cir. 1979), the government gave Price no formal or specific notice that it would rely on postmarks as proof of mailing, it did supply Price's counsel with a general discovery letter listing the materials that the government had gathered for trial. The letter listed the threatening communications by date and postmark--for example, "A letter to Glenda Gordon dated 10/14/85, with a 10/16/85 postmark." Thus some notice was given, and we think it adequate absent any showing by Price as to how or why he was prejudiced by a lack of greater specificity. Cf. United States v. Brown, 770 F.2d 768, 771 (9 Cir. 1985); United States v. Bailey, 581 F.2d 341, 348 (3 Cir. 1978); United States v. Iaconetti, 540 F.2d 574, 578 (2 Cir. 1976).
 
 
 5
 We do not think that our holding in United States v. Mandel, 591 F.2d 1347, 1369 (4 Cir. 1979), is apposite. Here it would be virtually impossible to determine the identity of the particular postal worker who caused the envelope to be postmarked.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The pertinent portion of Rule 803 reads:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 ...
 (24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.