BAKER, Judge
(concurring in part and in the result):
I agree with the result in this case; however, I write separately to distinguish my views from those of the majority in two respects. First, the requirement for notice is more nuanced than as presented in the majority opinion. In my view, Military Rule of Evidence (M.R.E.) 807 requires notice that a proponent intends to offer evidence under the residual hearsay exception, not simply that the proponent intends to offer the hearsay evidence in some manner. Second, in light of its conclusions regarding notice, the Court’s opinion does not fully address the colloquy between the military judge and defense counsel on the issue of the unavailability of the child witness. My reading of the record suggests that the military judge may have assumed that he obtained a concession from defense counsel.
I.
The majority concludes that the notice requirement of M.R.E. 807 is satisfied as long as the proponent notifies the other party that it intends to offer the hearsay statements. However, the text of the rule makes it clear that the notice contemplated is for hearsay “admitted under this exception,” and not just under a hearsay exception, expressly noting that:
a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent’s intention to offer the statement and the particulars of it, including the name and address of the declarant.
M.R.E. 807 (emphasis added).
Moreover, if no more than generalized notice were required an adverse party would not have a “fair opportunity to prepare to meet it,” because he would not have prepared to address the three threshold requirements found within the rule.
A contrary reading is inconsistent with military practice. The military system has long been one of open discovery. See Article *438 46, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 846 (2000); Rule for Courts-Martial (R.C.M.) 701. Thus, in most cases, excluding rebuttal evidence, the parties will obviously have been put on notice that hearsay evidence is likely to be offered. So, it would make little sense to have a rule that requires notice of something of which a party is likely to already be aware. Therefore, given the myriad hearsay exceptions, the rule more logically requires notice of intent to offer the statements under the residual exception. This would be consistent with how most other federal circuits view the requirement. See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 167 (3d Cir.1995); Willco Kuwait (Trading) S.A.K v. deSavary, 843 F.2d 618, 628 (1st Cir.1988); United States v. Brown, 770 F.2d 768, 771 (9th Cir.1985); United States v. Atkins, 618 F.2d 366, 372 (5th Cir.1980); United States v. Guevara, 598 F.2d 1094, 1100 (7th Cir.1979); United States v. Ruffin, 575 F.2d 346, 358 (2d Cir.1978). It is also consistent with this Court’s practical approach to the preservation of objections and the rules of evidence generally.
The purpose of notice is to allow the parties the opportunity to know on what basis they should be prepared to argue the admission of evidence. As this case illustrates, this approach makes particular sense with respect to M.R.E. 807, which raises legal and factual predicates that are distinct from those at issue in applying other specific hearsay exceptions. We have implicitly accepted this reading of the notice requirement of the residual hearsay rule in one of our own eases. See United States v. Grant, 42 M.J. 340, 341 (C.A.A.F.1995) (“As required by the ... rule, [trial counsel] provided notice of intent to offer residual hearsay.”).
Nonetheless, notwithstanding my disagreement with the Court on the notice requirement, I would not resolve the case on this issue. Counsel raised the notice issue and indicated he was aware of the intent to offer the statements but was not aware that they would be offered as residual hearsay. However, he did not indicate that he needed more time to prepare to meet the evidence offered under the residual theory.
II.
The majority’s conclusion regarding notice is relevant to whether defense counsel conceded the admissibility of the hearsay evidence. The Court’s rendition of what happened at trial suggests that the military judge received a proffer from trial counsel concerning the child witness’s availability and without more, ruled that the child was unavailable. A fuller reading of the record suggests that the military judge was seeking, albeit unsuccessfully, a concession from civilian defense counsel on the availability of the child, to inform his application of M.R.E. 807 to the hearsay evidence, which in the context of this case might have proven determinative. The relevant part of the record reads:
MJ: Now, I’ve just asked for a proffer from the government. The child apparently is, for whatever reason, unable to come into this courtroom to provide testimony regarding this. She doesn’t remember it — I have no clue why. But in any event, she is unavailable for that purpose. So that statement, if it comes in at all, it would have to come in through the mother. There is no other source of that evidence, as I understand the state of the evidence to date. Does the defense dispute that?
CDC: That there’s no other evidence?
MJ: No other evidence for — of that statement. That’s the evidence being offered, “Daddy put his finger in my pookie.” Now, as I understand what the government proffered — you can dispute this proffer, but as I understand what the government proffered is if it comes in, it comes in through the mother or it doesn’t come in at all because there’s no other source of that information. The child either doesn’t recall it or for whatever reason cannot come in here and say, “Daddy did this to me.”
CDC: That makes sense and, not to make matters any more complicated than they can be, I don’t know, beyond what was said here this morning, why the child will not come in here and there may be — I don’t know, there may be a Brady issue at a later time after you rule on this motion.
*439 MJ: ... So I guess what I’m asking you, Mr. Perillo, is do you have any reason to suggest that there is other evidence out there on this point?
CDC: The only other—
MJ: On this point of evidence, “Daddy put his finger in my pookie.”
CDC: If I understand your question, the only other evidence I’m aware of is the medical testimony, such as it is, from the nurse, the doctor and—
Shortly after defense counsel’s abbreviated response, the military judge ruled that the hearsay statement of the child was admissible under M.R.E. 807. If, in fact, as the majority concludes, defense counsel had already received fair notice under M.R.E. 807, then it would be fair to read counsel’s statement as a concession on admissibility under M.R.E. 807. However, since it is my view counsel did not receive the requisite notice under M.R.E. 807, I do not believe defense counsel conceded the availability issue or the necessity requirement of M.R.E. 807. As a result, it became incumbent on the proponent of this evidence, the Government, to carry its burden of showing that the hearsay statements were more probative on the issue than any other evidence available to it. Since this did not occur, the military judge admitted the testimony as the Court concludes — without evidence satisfying the requirements of M.R.E. 807. Accordingly, I concur in the result.