**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROCIO AURORA MARTINEZ-DE
RYAN,

*Petitioner*,

v.

MATTHEW WHITAKER, Acting
Attorney General,

*Respondent.*

No. 15-70759

Agency No.
A096-025-359

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2018*
San Francisco, California

Filed July 17, 2018
Amended November 16, 2018

Before:  Susan P. Graber and Richard C. Tallman, Circuit
Judges, and Ivan L.R. Lemelle,** District Judge.

---

* The panel unanimously concludes that this case is suitable for
decision without oral argument.  Fed. R. App. P. 34(a)(2).

** The Honorable Ivan L.R. Lemelle, United States District Judge for
the Eastern District of Louisiana, sitting by designation.

Order;
Opinion by Judge Graber

## SUMMARY***

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' denial of Martinez-de Ryan's application for cancellation of removal on the ground that she was convicted of a crime involving moral turpitude.

The panel rejected the government's contention that the void-for-vagueness doctrine does not apply at all to any grounds of inadmissibility, such as crimes involving turpitude.

Applying *Jordan v. De George*, 341 U.S. 223 (1951) (rejecting a void-for-vagueness challenge to the phrase "crime of moral turpitude") and *Tseung Chu v. Cornell*, 247 F.2d 929 (9th Cir. 1957) (following *Jordan*), the panel held that the crime involving moral turpitude statute, 8 U.S.C. § 1182(a)(2)(A)(i)(I), is not unconstitutionally vague. The panel concluded that *Jordan* and *Tseung Chu* remain good law in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (concluding that the residual clause of the federal criminal code's definition of "crime of violence" is unconstitutionally vague), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (extending *Johnson's*

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

holding to the immigration context). The panel explained that it was obliged to follow on-point Supreme Court precedent—here, *Jordan*—even if later Supreme Court cases cast some doubt on its general reasoning. The panel also pointed out that *Johnson* and *Dimaya* interpret statutory "residual" clauses whose wording does not include the phrase "moral turpitude" and which are not tethered to recognized common law principles.

## COUNSEL

K. Alexandra Monaco, The Monaco Law Group Ltd., Las Vegas, Nevada; Kari E. Hong, Boston College Law School, Newton, Massachusetts; for Petitioner.

Allison Frayer, Trial Attorney; Melissa Neiman-Keltin and Aimee J. Carmichael, Senior Litigation Counsel; John W. Blakeley, Assistant Director; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Stephen Manning, Innovation Law Lab, Portland, Oregon, for Amici Curiae Alameda County Public Defender's Office, Los Angeles County Public Defender's Office, Santa Barbara County Public Defender's Office, Santa Clara County Public Defender's Office, San Francisco Public Defender, Jeff Adachi, Santa Cruz County Public Defender's Office, Sonoma County Public Defender's Office, Jose Varela, Marin County Public Defender, and Dan deGriselles.

Jennifer Lee Koh, Immigration Clinic, Western State College of Law, Irvine, California; Evangeline G. Abriel, Santa Clara University School of Law, Santa Clara, California; for Amici Curiae American Immigration Lawyers Association, Florence Immigrant and Refugee Rights Project, Immigrant Legal Resource Center, National Immigration Project of the National Lawyers Guild, and U.C. Davis Immigration Clinic.

---

### ORDER

The opinion filed on July 17, 2018, and published at 895 F.3d 1191, is amended by the opinion filed concurrently with this order.

With these amendments, the panel has voted to deny Petitioner's petition for panel rehearing. Judge Graber has voted to deny Petitioner's petition for rehearing en banc, and Judges Tallman and Lemelle have so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

Petitioner's petition for panel rehearing and rehearing en banc is **DENIED**. No further petitions for panel rehearing or rehearing en banc may be filed.

---

# OPINION

GRABER, Circuit Judge:

Petitioner Rocio Aurora Martinez-de Ryan is a native and citizen of Mexico who entered the United States without being inspected and admitted or paroled. She timely seeks review of a decision issued by the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's decision pretermitting her application for cancellation of removal and ordering her removed from the United States. She argues (A) that her federal bribery conviction does not constitute a crime involving moral turpitude and (B) that the statutory phrase "crime involving moral turpitude," 8 U.S.C. § 1182(a)(2)(A)(i)(I), is unconstitutionally vague. We disagree.

Petitioner entered the United States some time before 1999. A few years later, she provided cash payments to an employee at the Nevada Department of Motor Vehicles to influence and reward the employee for issuing identification documents to non-citizens illegally present in the United States. As a result, in 2010, Petitioner pleaded guilty to one count of bribery, in violation of 18 U.S.C. § 666(a)(2), for which the maximum penalty is 10 years' imprisonment.

Shortly thereafter, Petitioner received a Notice to Appear, charging her with inadmissibility under § 1182(a)(2)(A)(i). Through counsel, Petitioner conceded inadmissibility but sought cancellation of removal. An immigration judge ruled that Petitioner's bribery conviction constituted a crime of moral turpitude, rendering her ineligible for cancellation of removal. The BIA agreed, and this petition for review followed.

A. *Bribery under § 666(a)(2) is Categorically a Crime Involving Moral Turpitude.*

"To determine whether a crime is categorically one of moral turpitude, we examine whether the full range of conduct encompassed by the criminal statute constitutes a crime of moral turpitude." *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012) (internal quotation marks omitted). "[O]ne test 'to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind.'" *Id.* at 1161 (quoting *In re Ajami*, 22 I. & N. Dec. 949, 950 (B.I.A. 1999)).

Section 666(a)(2) provides that whoever

> *corruptly* gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more [has committed a crime.]

(Emphasis added.) Along with other circuits, we have held that "§ 666 contains . . . a corrupt intent requirement." *United States v. Garrido*, 713 F.3d 985, 1001 (9th Cir. 2013) (internal quotation marks omitted). "An act is done 'corruptly' if it is performed voluntarily, deliberately, and dishonestly, for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by an unlawful method or means."

*United States v. McNair*, 605 F.3d 1152, 1193 (11th Cir. 2010); *see Garrido*, 713 F.3d at 1001–02 (citing *McNair* with approval).

Because § 666(a)(2) requires proof of a "corrupt mind," *Latter-Singh*, 668 F.3d at 1161, we hold that a bribery conviction under § 666(a)(2) categorically qualifies as a crime involving moral turpitude. Our holding comports with decades-old decisions by the BIA and by the Second, Fourth, and Fifth Circuits that bribery involves moral turpitude.[1] *See In re H-*, 6 I. & N. Dec. 358, 361 (B.I.A. 1954) ("[T]he offense of bribery is a base and vile act which involves moral turpitude."); *Villegas-Sarabia v. Sessions*, 874 F.3d 871, 878 n.25 (5th Cir. 2017) (noting that "bribery is a crime involving moral turpitude" (citing *Okabe v. INS*, 671 F.2d 863, 865 (5th Cir. 1982)), *cert. denied*, 2018 WL 2290257 (U.S. Oct. 9, 2018) (No. 17-1559); *United States v. Zacher*, 586 F.2d 912, 915 (2d Cir. 1978) ("There can be no question but that any crime of bribery involves moral turpitude . . . ." (quoting *United States ex rel. Sollazzo v. Esperdy*, 285 F.2d 341, 342 (2d Cir. 1961))); *United States v. Pomponio*, 511 F.2d 953, 956 (4th Cir. 1975) (same); *see also In re Gruenangerl*, 25 I. & N. Dec. 351, 358 n.8 (B.I.A. 2010) (noting that bribery of a public official involves moral turpitude).

B. *The Statute is Not Unconstitutionally Vague*.

In *Jordan v. De George*, 341 U.S. 223 (1951), the Supreme Court considered a vagueness challenge to the

---

[1] Perhaps because bribery is so commonly understood to involve moral turpitude, petitioners in other cases have declined to challenge the proposition. *E.g., Mendez-Mendez v. Mukasey*, 525 F.3d 828, 831–32 (9th Cir. 2008); *Carty v. Ashcroft*, 395 F.3d 1081, 1083 n.3 (9th Cir. 2005).

phrase "crime of moral turpitude." The non-citizen in that case had been convicted of conspiracy to defraud the United States of taxes and was, for that reason, ordered deported on the ground that he stood convicted of a "crime involving moral turpitude." *Id.* at 223–26. In view of the "grave nature of deportation," the Court considered the statute under the usual criteria pertaining to the void-for-vagueness doctrine. *Id.* at 231. The Court held on the merits that the phrase in question was not so vague or meaningless as to be a deprivation of due process. *Id.* at 229–32.

We followed suit in *Tseung Chu v. Cornell*, 247 F.2d 929 (9th Cir. 1957). Similarly, there, the non-citizen was convicted of willful tax evasion. *Id.* at 931–32. His conviction occurred before his latest entry into the United States, and the relevant statute, 8 U.S.C. § 1182(a) (Section 212(a) of the Immigration and Nationality Act of 1952), provided that an alien convicted of a "crime involving moral turpitude" was inadmissible. Relying on the Supreme Court's then-recent decision in *Jordan*, we held that the phrase in question was not unconstitutionally vague. *Tseung Chu*, 247 F.2d at 938–39.

The government first argues that the void-for-vagueness doctrine does not apply at all to any ground of inadmissibility, relying on *Boutilier v. INS*, 387 U.S. 118 (1967). As a three-judge panel, we are bound by *Tseung Chu*'s consideration of the merits of this issue notwithstanding the fact that the petitioner in that case was inadmissible, rather than deportable. Because we do not read *Boutilier* quite as broadly as the government does, we do not think that it is "clearly irreconcilable" with *Tseung Chu* in this regard. *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

Although some of the *Boutilier* opinion's wording is broad, the crux of the decision is that the petitioner was "not being deported for conduct engaged in after his entry into the United States, but rather for characteristics he possessed at the time of his entry." 387 U.S. at 123. "A standard applicable solely to time of entry could hardly be vague as to post-entry conduct." *Id.* at 124. Moreover, the petitioner was excluded by reason of a status or condition ("psychopathic personality"), rather than by reason of a discrete criminal act. *Id.* at 118. And finally, although the Court asserted that the "constitutional requirement of fair warning has no applicability to standards . . . for admission of aliens to the United States," *id.* at 123, the Court went on to decide on the merits that the pivotal phrase was, in fact, clear, *id.* at 123–24. Here, by contrast, Petitioner engaged in the conduct at issue after the time of entry, and the conduct in question was a criminal act, rather than a status or condition. Accordingly, we are not persuaded that *Boutilier* forecloses consideration of whether a crime committed by a non-citizen constitutes a "crime of moral turpitude" so as to render her inadmissible. We also note that at least one other circuit has continued, after *Boutilier*, to analyze on the merits a void-for-vagueness challenge to the phrase "moral turpitude," brought by a non-citizen who was found to be inadmissible. *Lagunas-Salgado v. Holder*, 584 F.3d 707, 710–11 (7th Cir. 2009); *Ali v. Mukasey*, 521 F.3d 737, 739 (7th Cir. 2008).

The Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), extending to the immigration context its earlier opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not eviscerate our holding in *Tseung Chu*, such that we should overrule it. *Miller*, 335 F.3d at 899–900. First, we are obliged to follow on-point Supreme Court precedent—here, *Jordan*—even if

later Supreme Court cases cast some doubt on its general reasoning. *Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016) (per curiam). Second, *Johnson* and *Dimaya* interpret statutory "residual" clauses whose wording does not include the phrase "moral turpitude" and which are not tethered to recognized common law principles. In the circumstances, we remain bound by *Jordan* and *Tseung Chu*.**[2]**

   **Petition DENIED.**

---

**[2]** At least three of our sister circuits have held, in cases post-dating *Johnson*, that the Supreme Court's holding in *Jordan* remains good law: the phrase "crime involving moral turpitude" is not unconstitutionally vague. *Moreno v. Att'y General*, 887 F.3d 160, 165–66 (3d Cir. 2018); *Boggala v. Sessions*, 866 F.3d 563, 569–70 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1296 (2018); *Dominguez-Pulido v. Lynch*, 821 F.3d 837, 842–43 (7th Cir. 2016).