# In re Ali Hussein AJAMI, Respondent

## File A43 468 532 - Detroit

*Decided as amended July 13, 1999[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of aggravated stalking pursuant to section 750.411i of the Michigan Compiled Laws Annotated is a crime involving moral turpitude.

James J. Hoare, Esquire, Farmington Hills, Michigan, for respondent

Marsha Kay Nettles, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: HOLMES, GUENDELSBERGER, and JONES, Board Members.

HOLMES, Board Member:

ORDER:

PER CURIAM. In a decision dated November 16, 1998, the Immigration Judge found the respondent deportable under section 237(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(i) (Supp. II 1996), based on his conviction for a crime involving moral turpitude, and ordered him removed from the United States. The respondent has timely appealed. The request for oral argument is denied. The appeal is dismissed.

The respondent was admitted to the United States as a conditional permanent resident in October 1995. On June 5, 1996, he was convicted in Michigan of aggravated stalking, in violation of section 750.411i of the Michigan Compiled Laws Annotated, for acts committed on three sepa-rate occasions earlier that year. This aggravated stalking conviction was

---

[1]On our own motion, we amend the April 20, 1999, order in this case. The amended order makes editorial changes consistent with designating the case as a precedent.

for a crime committed within 5 years after the respondent's date of admission and for which a sentence of 1 year or longer could have been imposed. *See* section 237(a)(2)(A)(i) of the Act. On appeal, the respondent argues, without any elaboration, that aggravated stalking is not a crime involving moral turpitude.[2]

We have observed that the definition of a crime involving moral turpitude is nebulous. Moral turpitude refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. *See Matter of Franklin*, 20 I&N Dec. 867, 868 (BIA 1994), *aff'd*, 72 F.3d 571 (8th Cir. 1995), *cert. denied*, 519 U.S. 834 (1996); *Matter of Short*, 20 I&N Dec. 136, 139 (BIA 1989); *Matter of Danesh*, 19 I&N Dec. 669, 670 (BIA 1988); *Matter of Flores*, 17 I&N Dec. 225, 227 (BIA 1980). Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. *Matter of P-,* 6 I&N Dec. 795, 798 (BIA 1955). Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind. *See Matter of Perez-Contreras*, 20 I&N Dec. 615, 618 (BIA 1992); *Matter of Serna*, 20 I&N Dec. 579, 581 (BIA 1992); *Matter of Flores, supra,* at 227.

In deciding whether a crime involves moral turpitude, we must first examine the statute itself to determine whether the inherent nature of the crime involves moral turpitude. *See Matter of Short, supra; Matter of Esfandiary*, 16 I&N Dec. 659 (BIA 1979). If the statute defines a crime in which moral turpitude necessarily inheres, then the conviction is for a crime involving moral turpitude for immigration purposes, and our analysis ends. *Matter of Short, supra.* However, if the statute contains some offenses which involve moral turpitude and others which do not, it is to be treated as a "divisible" statute, and we look to the record of conviction, meaning the indictment, plea, verdict, and sentence, to determine the offense of which the respondent was convicted. *Id.; Matter of Esfandiary, supra; Matter of Ghunaim*, 15 I&N Dec. 269 (BIA 1975), *modified on other grounds, Matter of Franklin, supra; Matter of Lopez*, 13 I&N Dec. 725 (BIA 1971), *modified on other grounds, Matter of Franklin, supra.*

---

[2]Under section 237(a)(2)(E)(i) of the Act, an alien may be found deportable upon conviction for "a crime of stalking." However, section 237(a)(2)(E)(i), which was added to the Act by section 350(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639, is not applicable to this case because it only applies to "convictions, or violations of court orders, occurring after [September 30, 1996.]" *Id.* § 350(b), 110 Stat. at 3009-640; *see also id.* § 305(a)(2), 110 Stat. at 3009-598 (redesignating former section 241 of the Act as section 237).

Because the Michigan statute contains several parts, some of which may not include a crime involving moral turpitude, we look to the felony information to determine the section of the statute under which the respondent was convicted. This document reveals that he was convicted under that part of the aggravated stalking statute which provides as follows:

> An individual who engages in stalking is guilty of aggravated stalking if the violation involves any of the following circumstances: . . . [t]he course of conduct includes the making of 1 or more credible threats against the victim, a member of the victim's family, or another individual living in the victim's household.

Mich. Comp. Laws Ann. § 750.411i(2)(c) (West 1996).[3] Michigan law further defines the following relevant terms:

> (a) "Course of conduct" means a pattern of conduct composed of a series of 2 or more separate noncontinuous acts, evidencing a continuity of purpose.

> (b) "Credible threat" means a threat to kill another individual or a threat to inflict physical injury upon another individual that is made in any manner or in any context that causes the individual hearing or receiving the threat to reasonably fear for his or her safety or the safety of another individual.

> (c) "Emotional distress" means significant mental suffering or distress that may, but does not necessarily require, medical or other professional treatment or counseling.

> (d) "Harassment" means conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact, that would cause a reasonable individual to suffer emotional distress, and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose.

> (e) "Stalking" means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

Mich. Comp. Laws Ann. §§ 750.411i(1)(a)-(e).

The Court of Appeals of Michigan noted that for stalking to be considered aggravated, as opposed to the lesser charge of misdemeanor stalking,

---

[3]During the hearing, the respondent argued that he may have been unlawfully convicted due to the service of a restraining order. However, neither the Immigration Judge nor this Board can entertain a collateral attack on a judgment of conviction unless that judgment is void on its face. *Matter of C-,* 20 I&N Dec. 529, 532 (BIA 1992), and cases cited therein. We note, however, that the respondent was not charged under the section of the statute involving the violation of the order. *See People v. White*, 536 N.W.2d 876, 882, n.5 (Mich. Ct. App. 1995).

there must be "a credible threat to kill another or inflict physical injury against the victim." *People v. White*, 536 N.W.2d 876, 883 (Mich. Ct. App. 1995). It also noted that "the statute could not be applied to entirely innocent conduct." *Id.* Finally, the court noted that the Michigan legislature, in passing the statute, was trying to prevent stalking because "'[t]he threat of violence, real or perceived, is almost always present in [stalking] cases; tragically, it is far from unheard of for a pattern of stalking to end in the stalker killing the stalked.'" *Id.* (quoting legislative history).

We find that this respondent's conviction for aggravated stalking under the Michigan statute is a conviction for a crime involving moral turpitude. A violator of the statute must act willfully, must embark on a course of conduct, as opposed to a single act, and must cause another to feel great fear. Mich. Comp. Laws Ann. § 750.411i(1)(e). Previous decisions by this Board have found that threatening behavior can be an element of a crime involving moral turpitude. *See Matter of B-,* 6 I&N Dec. 98 (BIA 1954) (involving usury by intimidation and threats of bodily harm); *Matter of C-,* 5 I&N Dec. 370 (BIA 1953) (involving threats to take property by force); *Matter of G-T-,* 4 I&N Dec. 446 (BIA 1951) (involving the sending of threatening letters with the intent to extort money); *Matter of F-,* 3 I&N Dec. 361 (C.O. 1948; BIA 1949) (involving the mailing of menacing letters that demanded property and threatened violence to the recipient). We find that the intentional transmission of threats is evidence of a vicious motive or a corrupt mind. Accordingly, we agree with the Immigration Judge that the respondent was convicted of a crime involving moral turpitude and is therefore subject to removal.