

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2009

# Solomon v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Solomon v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1965.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1965

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4763
_____

MARTIN SOLOMON,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A72 501 956
Immigration Judge: Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2009

Before: BARRY, SMITH and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed: January 30, 2009)
_____

OPINION
_____

PER CURIAM

Martin Solomon petitions for review of an order of the Board of Immigration

Appeals (BIA), which dismissed his appeal from an Immigration Judge's (IJ's) removal

order. For the reasons that follow, we will deny the petition for review.

Solomon is a native and citizen of Jamaica. He adjusted his immigration status to lawful permanent resident of the United States in 1996. In 1997 and in 1999, he was convicted in the New Castle County (Delaware) Superior Court of separate offenses of terroristic threatening, i.e., threatening to commit a crime likely to result in death or serious injury to person or property, in violation of Del. Code Ann. tit. 11, § 621(a)(1). In 2006, he was placed in removal proceedings, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two or more crimes involving moral turpitude. On the basis of the two crimes set forth above, on September 6, 2007, the Immigration Judge ("IJ") found Solomon removable as charged and ordered him removed to Jamaica. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision on November 26, 2007.[1]

Solomon filed a timely petition for review. On January 24, 2008, this Court denied Solomon's motion for a stay of removal and referred the Government's motion to dismiss to a merits panel. Solomon's sole issue in his petition is whether the BIA erred in ruling that a conviction for terroristic threatening under the Delaware law cited above is a CIMT.

Although the Immigration and Nationality Act (INA) generally removes jurisdiction to review final orders of removal against certain criminal aliens, see

---

[1] Earlier in the proceedings, the IJ had issued a decision and removal order, but the BIA remanded the record to the IJ for issuance of a more complete decision. The IJ's order of September 6, 2007 is the decision on remand.

§ 1252(a)(2)(C), the Act, as amended by the REAL ID Act of 2005, specifically grants jurisdiction to review a criminal alien's "constitutional claims or questions of law." § 1252(a)(2)(D).  We therefore have jurisdiction to consider the legal issue raised by Solomon.[2]

This Court determines whether a crime involves moral turpitude by examining the criminal statute and the alien's record of conviction, not the alien's specific conduct.  See Partyka v. Attorney General, 417 F.3d 408, 411 (3d Cir. 2005).  Under this categorical approach, the Court reads the applicable statute to ascertain the least culpable conduct necessary to sustain a conviction.  Id.  Where a statute covers both turpitudinous and non-turpitudinous acts, it is divisible, and the Court looks to the record of conviction to determine whether the alien was convicted under that part of the statute defining a crime involving moral turpitude.  Id.  Under Board precedent as construed by this Court, the set of crimes involving moral turpitude is determined by reference to the intent required for conviction.  See id. at 413.  As a general rule, a crime involves moral turpitude if it is "inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general."  Knapik v. Ashcroft, 384 F.3d 84, 89 (3d Cir. 2004) (citations omitted).  The agency's determination

---

[2] The Government's motion to dismiss is thus denied.  Indeed, the Government acknowledges in its brief that this "Court has jurisdiction to review whether the agency reasonably concluded that section 621(a)(1) of title 11 of the Delaware Code defines a crime in which moral turpitude inheres."  Respondent's Brief at 4.

of whether a crime involves moral turpitude is entitled to deference under Chevron, U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See Knapik, 384 F.3d at 87-88. However, the Court reviews de novo the determination of the elements of a criminal statute deemed to implicate moral turpitude; for a state criminal statute, the Court looks to state law interpretations of the statute. See id. at 88, 91.

The parties agree that Solomon was convicted under paragraph (a)(1) of section 621 of the Delaware statute. Under that provision, a person is guilty of terroristic threatening if "[t]he person threatens to commit any crime likely to result in death or in serious injury to person or property." Solomon argues that section 621(a)(1) lacks an element of specific intent to do harm, and only requires proof of a "general intent" to make a threat. However, as explained by the IJ and the BIA, the Delaware Supreme Court recently discussed section 621(a)(1) and held that a conviction under section 621 requires not only that the defendant uttered words that threaten serious injury or death, but also that the defendant had the intent to threaten or intimidate the victim with those words. See Andrews v. Delaware, 930 A.2d 846, 853-54 (Del. 2007). "The defendant need not intend to carry out the threat, but it is not enough to show only that the defendant merely intended to utter threatening words." Id. at 854. Thus, under state law, the intent to threaten is, indeed, an element of proving a violation of section 621.

We defer to the BIA's holding that "intentional transmission of threats is evidence of a vicious motive or a corrupt mind." See BIA decision, A.R. 4 (citing Matter of Ajami,

4

22 I. & N. Dec. 949, 952 (BIA 1999). Because Solomon's convictions involve the intentional transmission of threats under state law, the BIA did not err in finding that Solomon had been convicted of two crimes involving moral turpitude. We will therefore deny the petition for review.