MEMORANDUM *
Petitioner Paulino Rivera-Delgado (“Rivera”), petitions this Court for review of a decision by the Board of Immigration Appeals (“BIA”) affirming without opinion a decision by an Immigration Judge (“IJ”) ordering Rivera removed to Mexico and finding him ineligible for adjustment of status. We grant the petition and remand.[1]
Rivera argues that the agency erred in holding that his 1999 conviction under Cal.Penal Code § 422 is categorically a crime involving moral turpitude (“CIMT”), making him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (as “an[ ] alien convicted of ... a crime involving moral turpitude”). Neither the BIA nor this Court has ever decided whether a conviction under § 422 necessarily involves moral turpitude. In the absence of directly controlling case law, the IJ relied on Matter of Ajami, 22 I. & N. Dec. 949 (BIA 1999), which involved a conviction for aggravated stalking, to conclude that a conviction under § 422 is necessarily a CIMT. [AR 38]
After the BIA affirmed the IJ’s order of removal, and shortly before argument in this case, the Attorney General decided Matter of Silva-Trevino, 24 I. & N. Dec. 687 (A.G.2008), which provides a general definition of “moral turpitude” as requiring “both reprehensible conduct and some degree of scienter, whether specific intent, deliberateness, willfulness, or recklessness.” Id. at 689 n. 1. Because the agency did not have the benefit of the Attorney General’s guidance when it decided Rivera’s case, we remand to the agency to determine in the first instance whether *569 Rivera’s conviction under Cal.Penal Code § 422 is a CIMT under the standard enunciated in Silva-Trevino. See INS v. Orlando Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
A remand to the agency for the purpose of reconsidering its CIMT analysis will not necessarily be futile in the present circumstances. The IJ found Rivera inadmissible based on two separate grounds: as “an[ ] alien convicted of ... a crime involving moral turpitude” under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and as “[a]n alien present in the United States without being admitted or paroled” under 8 U.S.C. § 1182(a)(6)(A)®. [AR 36] The IJ acknowledged, however, that the latter ground of inadmissibility could be cured by granting Rivera permission to return nunc pro tune, retroactively erasing his unlawful reentry of 2002. [Id.] The IJ’s only stated reason for declining to grant nunc pro tunc relief was that, given his finding that Rivera was also inadmissible on the basis of a CIMT conviction, the expungement of his unlawful reentry would not “effect a complete disposition of the case.” [AR 37] See Matter of Garcia-Linares, 21 I. & N. Dec. 254, 257 (BIA 1996) (en banc). If the agency determines on remand that Rivera is not “an[ ] alien convicted of ... a crime involving moral turpitude” under 8 U.S.C. § 1182(a)(2)(A)(i)(I), there will be no such obstacle to the availability of nunc pro tunc relief, and the agency must then determine whether Rivera is eligible to adjust status on the basis of his marriage to a U.S. citizen.[2]
In the course of deciding on remand whether Rivera is “an[] alien convicted of ... a crime involving moral turpitude” for purposes of 8 U.S.C. § 1182(a)(2)(A)(i)(I), the BIA should also consider what weight, if any, to give to the order of the California Superior Court vacating Rivera’s 1999 criminal conviction as “void ab initio for violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.” The order was issued in February 2006 after the BIA dismissed Rivera’s appeal, so Rivera had no opportunity to introduce it into the administrative record below. The government argues that we may not take judicial notice of the fact of vacatur, because 8 U.S.C. § 1252(b)(4)(A) requires that we “decide the petition only on the administrative record on which the order of removal is based.” But as we have previously held, 8 U.S.C. § 1252(b)(4)(A) does not forbid us to “exercise the ordinary power of any court to take notice of facts that are beyond dispute.” Singh v. Ashcroft, 393 F.3d 903, 905 (9th Cir.2004). The vacatur is an “adjudicative fact” that is “capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned” under Federal Rule of Evidence 201. We therefore take judicial notice of it. We do not decide what effect, if any, the vacatur has in terms of Rivera’s eligibility to adjust status, but rather leave that question for the agency to determine in the first instance.
The government also argues that our taking notice of the vacatur would contravene 8 U.S.C. § 1252(a)(1), which provides that appeals courts may not exercise their statutory authorization under 28 U.S.C. *570 § 2347(c) solely to “order the taking of additional evidence” by the agency in the context of petitions for review from the BIA. See Altawil v. INS, 179 F.3d 791, 792-93 (9th Cir.1999). In this instance, however, we are not remanding to develop the facts further; we are remanding for a CIMT determination. In so doing we merely observe, pursuant to our authority to take judicial notice of appropriate facts in immigration cases, that the overall question of the effect to be given Rivera’s conviction will be pertinent to the agency on remand. See Singh, 393 F.3d at 905.
For the foregoing reasons, we vacate the BIA’s decision and remand to the agency for reconsideration in light of Silva-Trevino. We do not reach Rivera’s other claims.
The petition for review is GRANTED and the case is REMANDED for proceedings consistent with this disposition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The government maintains that we lack jurisdiction to entertain Rivera's petition for review under 8 U.S.C. § 1252(a)(2)(C), because he had been charged and found removable on the basis of an aggravated felony conviction in 1999. We disagree. Rivera's 2002 removal order, which is the subject of Rivera's petition for review, concludes that he is removable "by reason of” having entered the country without inspection, not by reason of an aggravated felony conviction. The jurisdictional bar therefore does not apply here. See Alvarez-Santos v. INS, 332 F.3d 1245, 1251 (9th Cir.2003) ("[Section] 1252(a)(2)(C) deprives us of jurisdiction to review only a specific subset of the removal orders ..., namely those in which there is an administrative determination that the alien is removable on criminal grounds.”).

. Additionally, the IJ’s statement that “section 241(a)(5) of the Act declares that any alien who re-enters the United States illegally after having been removed is ineligible for any relief under the Act” is incorrect. [AR 41] INA § 241(a)(5), codified at 8 U.S.C. § 1231(a)(5), pertains only to the reinstatement of prior removal orders. Rivera, in contrast, was charged in 2002 with a new ground of removability. His prior removal order was not reinstated.