**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL RAYA-MORENO, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-71992 Agency No. A014-687-172 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2012
San Francisco, California

Before: SCHROEDER, KLEINFELD, and BERZON, Circuit Judges.

Petitioner Manuel Raya-Moreno, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeal's ("BIA") order dismissing his

appeal from an immigration judge's removal order. The BIA found Raya-Moreno

removable under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii) on the basis

of convictions for two crimes it held categorically involved moral turpitude:

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

stalking under California Penal Code § 646.9(a) and sexual battery under California Penal Code § 243.4(a). Raya-Moreno contests only the BIA's conclusion that § 646.9(a) is categorically a crime involving moral turpitude. He also contends that the BIA incorrectly denied his requests for cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a) and waiver of inadmissibility under former INA § 212(c), 8 U.S.C. § 1182(c) (1994) (repealed 1996).

Raya-Moreno was convicted of stalking in 1995 under California Penal Code § 646.9(a), which provided, in relevant part:

> Any person who willfully, maliciously, and repeatedly follows or harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family, is guilty of the crime of stalking . . . .

The statute defined the term "harass" to be "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and that serves no legitimate purpose." *Id.* at § 646.9(d). It further defined "course of conduct" as a pattern of conduct that demonstrates a continuity of purpose. *Id.* A threat was credible when "made with the intent and the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her immediate family." *Id.* at § 646.9(e); *see People v. Halgren*, 61 Cal. Rptr. 2d 176,

2

179–80 (Ct. App. 1996). Thus, the credible threat requirement effectively subsumed a need to show malice into the statute because a threat to cause another to fear for her safety demonstrates malice. Harassment is not enough under the statute. The credible threat to safety requirement distinguishes criminal stalking from less offensive behaviors that could qualify as harassment under the statute.

The BIA relied on its precedential opinion *In re Ajami,* 22 I. & N. Dec. 949, 950 (BIA 1999), which held that Michigan's aggravated stalking statute was categorically a crime involving moral turpitude. *Id.* at 952. The Michigan statute was materially similar to the California statute. Mich. Comp. Laws Ann. § 750.411i. "Course of conduct" was defined as a pattern of conduct composed of a series of acts evidencing a continuity of purpose. *Id.* The BIA held that the behavior punished in *Ajami* was "evidence of a vicious motive or a corrupt mind" and thus involved moral turpitude. *Ajami*, 22 I. & N. at 952. The BIA further noted that stalking involves conduct that poses significant dangers to victims. *Id.* ("The threat of violence, real or perceived, is almost always present in [stalking] cases; tragically, it is far from unheard of for a pattern of stalking to end in the stalker killing the stalked." (quoting *People v. White*, 536 N.W.2d 876, 883 (Mich. Ct. App. 1995)).

3

The BIA in this case reasonably relied on *Ajami* when it ruled that a conviction for stalking in violation of section 646.9 was categorically a crime involving moral turpitude. Both the statute in *Ajami* and section 646.9 required a course of conduct involving multiple acts that together put the victim in fear for her safety. It is this pattern of behavior, not the underlying acts alone, that causes the victim to fear for her safety. Furthermore, both statutes contained a mens rea requirement that evidences a "vicious motive or corrupt mind." The Michigan statute in *Ajami* required willful intent to place the victim in fear, and the California statute required malicious intent. Consequently, the BIA's conclusion that section 646.9 is categorically a crime involving moral turpitude is entitled to deference. Raya-Moreno is removable under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(3)(A)(ii) for committing two crimes involving moral turpitude.

This court lacks jurisdiction to consider Raya-Moreno's challenges to the denial of his applications for cancellation of removal and waiver of inadmissability because the BIA ruled that it would deny the requests in an exercise of discretion even if he were eligible for those forms of statutory relief. 8 U.S.C. § 1252(a)(2)(B)(i); *Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam). Raya-Moreno's contention that the BIA's weighing of the equities amounted to a denial of due process is without merit. He does not raise a colorable

4

question of law sufficient to invoke the court's jurisdiction. *See Bazua–Cota v. Gonzales,* 466 F.3d 747, 749 (9th Cir. 2006) (per curiam) (argument that agency "fail[ed] to properly weigh the equities" is merely "an abuse of discretion challenge re-characterized as an alleged due process violation").

The petition for review is **DENIED**.