The opinion filed on July 17, 2018, and published at 895 F.3d 1191, is amended by the opinion filed concurrently with this order.
With these amendments, the panel has voted to deny Petitioner's petition for panel rehearing. Judge Graber has voted to deny Petitioner's petition for rehearing en banc, and Judges Tallman and Lemelle have so recommended.
The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.
Petitioner's petition for panel rehearing and rehearing en banc is DENIED . No further petitions for panel rehearing or rehearing en banc may be filed.
GRABER, Circuit Judge:
*249 Petitioner Rocio Aurora Martinez-de Ryan is a native and citizen of Mexico who entered the United States without being inspected and admitted or paroled. She timely seeks review of a decision issued by the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's decision pretermitting her application for cancellation of removal and ordering her removed from the United States. She argues (A) that her federal bribery conviction does not constitute a crime involving moral turpitude and (B) that the statutory phrase "crime involving moral turpitude," 8 U.S.C. § 1182(a)(2)(A)(i)(I), is unconstitutionally vague. We disagree.
Petitioner entered the United States some time before 1999. A few years later, she provided cash payments to an employee at the Nevada Department of Motor Vehicles to influence and reward the employee for issuing identification documents *250 to non-citizens illegally present in the United States. As a result, in 2010, Petitioner pleaded guilty to one count of bribery, in violation of 18 U.S.C. § 666(a)(2), for which the maximum penalty is 10 years' imprisonment.
Shortly thereafter, Petitioner received a Notice to Appear, charging her with inadmissibility under § 1182(a)(2)(A)(i). Through counsel, Petitioner conceded inadmissibility but sought cancellation of removal. An immigration judge ruled that Petitioner's bribery conviction constituted a crime of moral turpitude, rendering her ineligible for cancellation of removal. The BIA agreed, and this petition for review followed.
A. Bribery under § 666(a)(2) is Categorically a Crime Involving Moral Turpitude .
"To determine whether a crime is categorically one of moral turpitude, we examine whether the full range of conduct encompassed by the criminal statute constitutes a crime of moral turpitude." Latter-Singh v. Holder , 668 F.3d 1156, 1159 (9th Cir. 2012) (internal quotation marks omitted). "[O]ne test 'to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind.' " Id. at 1161 (quoting In re Ajami , 22 I. & N. Dec. 949, 950 (B.I.A. 1999) ).
Section 666(a)(2) provides that whoever
corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more [has committed a crime.]
(Emphasis added.) Along with other circuits, we have held that " § 666 contains ... a corrupt intent requirement." United States v. Garrido , 713 F.3d 985, 1001 (9th Cir. 2013) (internal quotation marks omitted). "An act is done 'corruptly' if it is performed voluntarily, deliberately, and dishonestly, for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by an unlawful method or means." United States v. McNair , 605 F.3d 1152, 1193 (11th Cir. 2010) ; see Garrido , 713 F.3d at 1001-02 (citing McNair with approval).
Because § 666(a)(2) requires proof of a "corrupt mind," Latter-Singh , 668 F.3d at 1161, we hold that a bribery conviction under § 666(a)(2) categorically qualifies as a crime involving moral turpitude. Our holding comports with decades-old decisions by the BIA and by the Second, Fourth, and Fifth Circuits that bribery involves moral turpitude.[1] See In re H- , 6 I. & N. Dec. 358, 361 (B.I.A. 1954) ("[T]he offense of bribery is a base and vile act which involves moral turpitude."); Villegas-Sarabia v. Sessions , 874 F.3d 871, 878 n.25 (5th Cir. 2017) (noting that "bribery is a crime involving moral turpitude" (citing Okabe v. INS , 671 F.2d 863, 865 (5th Cir. 1982) ) ), cert. denied , --- U.S. ----, 139 S.Ct. 320, --- L.Ed.2d ----, 2018 WL 2290257 (U.S. Oct. 9, 2018) (No. 17-1559 ); United States v. Zacher , 586 F.2d 912, 915 (2d Cir. 1978) ("There can be no question but that any crime of bribery *251 involves moral turpitude ...." (quoting United States ex rel. Sollazzo v. Esperdy , 285 F.2d 341, 342 (2d Cir. 1961) ) ); United States v. Pomponio , 511 F.2d 953, 956 (4th Cir. 1975) (same); see also In re Gruenangerl , 25 I. & N. Dec. 351, 358 n.8 (B.I.A. 2010) (noting that bribery of a public official involves moral turpitude).
B. The Statute is Not Unconstitutionally Vague .
In Jordan v. De George , 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951), the Supreme Court considered a vagueness challenge to the phrase "crime of moral turpitude." The non-citizen in that case had been convicted of conspiracy to defraud the United States of taxes and was, for that reason, ordered deported on the ground that he stood convicted of a "crime involving moral turpitude." Id. at 223-26, 71 S.Ct. 703. In view of the "grave nature of deportation," the Court considered the statute under the usual criteria pertaining to the void-for-vagueness doctrine. Id. at 231, 71 S.Ct. 703. The Court held on the merits that the phrase in question was not so vague or meaningless as to be a deprivation of due process. Id. at 229-32, 71 S.Ct. 703.
We followed suit in Tseung Chu v. Cornell , 247 F.2d 929 (9th Cir. 1957). Similarly, there, the non-citizen was convicted of willful tax evasion. Id. at 931-32. His conviction occurred before his latest entry into the United States, and the relevant statute, 8 U.S.C. § 1182(a) (Section 212(a) of the Immigration and Nationality Act of 1952), provided that an alien convicted of a "crime involving moral turpitude" was inadmissible. Relying on the Supreme Court's then-recent decision in Jordan , we held that the phrase in question was not unconstitutionally vague. Tseung Chu , 247 F.2d at 938-39.
The government first argues that the void-for-vagueness doctrine does not apply at all to any ground of inadmissibility, relying on Boutilier v. INS , 387 U.S. 118, 87 S.Ct. 1563, 18 L.Ed.2d 661 (1967). As a three-judge panel, we are bound by Tseung Chu 's consideration of the merits of this issue notwithstanding the fact that the petitioner in that case was inadmissible, rather than deportable. Because we do not read Boutilier quite as broadly as the government does, we do not think that it is "clearly irreconcilable" with Tseung Chu in this regard. Miller v. Gammie , 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).
Although some of the Boutilier opinion's wording is broad, the crux of the decision is that the petitioner was "not being deported for conduct engaged in after his entry into the United States, but rather for characteristics he possessed at the time of his entry." 387 U.S. at 123, 87 S.Ct. 1563. "A standard applicable solely to time of entry could hardly be vague as to post-entry conduct." Id. at 124, 87 S.Ct. 1563. Moreover, the petitioner was excluded by reason of a status or condition ("psychopathic personality"), rather than by reason of a discrete criminal act. Id. at 118, 87 S.Ct. 1563. And finally, although the Court asserted that the "constitutional requirement of fair warning has no applicability to standards ... for admission of aliens to the United States," id. at 123, 87 S.Ct. 1563, the Court went on to decide on the merits that the pivotal phrase was, in fact, clear, id. at 123-24, 87 S.Ct. 1563. Here, by contrast, Petitioner engaged in the conduct at issue after the time of entry, and the conduct in question was a criminal act, rather than a status or condition. Accordingly, we are not persuaded that Boutilier forecloses consideration of whether a crime committed by a non-citizen constitutes a "crime of moral turpitude" so as to render her inadmissible. We also note that at least one other circuit has continued, *252 after Boutilier , to analyze on the merits a void-for-vagueness challenge to the phrase "moral turpitude," brought by a non-citizen who was found to be inadmissible. Lagunas-Salgado v. Holder , 584 F.3d 707, 710-11 (7th Cir. 2009) ; Ali v. Mukasey , 521 F.3d 737, 739 (7th Cir. 2008).
The Supreme Court's recent decision in Sessions v. Dimaya , --- U.S. ----, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), extending to the immigration context its earlier opinion in Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), does not eviscerate our holding in Tseung Chu , such that we should overrule it. Miller , 335 F.3d at 899-900. First, we are obliged to follow on-point Supreme Court precedent-here, Jordan -even if later Supreme Court cases cast some doubt on its general reasoning. Bosse v. Oklahoma , --- U.S. ----, 137 S.Ct. 1, 2, 196 L.Ed.2d 1 (2016) (per curiam). Second, Johnson and Dimaya interpret statutory "residual" clauses whose wording does not include the phrase "moral turpitude" and which are not tethered to recognized common law principles. In the circumstances, we remain bound by Jordan and Tseung Chu .[2]
Petition DENIED.

Perhaps because bribery is so commonly understood to involve moral turpitude, petitioners in other cases have declined to challenge the proposition. E.g., Mendez-Mendez v. Mukasey , 525 F.3d 828, 831-32 (9th Cir. 2008) ; Carty v. Ashcroft , 395 F.3d 1081, 1083 n.3 (9th Cir. 2005).

At least three of our sister circuits have held, in cases post-dating Johnson , that the Supreme Court's holding in Jordan remains good law: the phrase "crime involving moral turpitude" is not unconstitutionally vague. Moreno v. Att'y General , 887 F.3d 160, 165-66 (3d Cir. 2018) ; Boggala v. Sessions , 866 F.3d 563, 569-70 (4th Cir. 2017), cert. denied , --- U.S. ----, 138 S.Ct. 1296, 200 L.Ed.2d 472 (2018) ; Dominguez-Pulido v. Lynch , 821 F.3d 837, 842-43 (7th Cir. 2016).