BERZON, Circuit Judge, concurring:
I concur in the majority opinion in full. I write separately to join the chorus of voices calling for renewed consideration as to whether the phrase "crime involving moral turpitude" is unconstitutionally vague.
As Judge Fletcher recently noted, "[d]espite many years of trying, courts and administrators have not been able to establish coherent criteria" for determining whether an offense constitutes a crime involving moral turpitude. Islas-Veloz v. Whitaker , 914 F.3d 1249, 1258 (9th Cir. 2019) (Fletcher, J., concurring). Earlier, I made a similar observation myself. See Marmolejo-Campos v. Holder , 558 F.3d 903, 922 (9th Cir. 2009) (en banc) (Berzon, J., dissenting) ("[I]t is hard to say that any articulable principle distinguishes the offenses that are CIMTs from those that are not.").
Judge Fletcher and I are not the first to make these observations, and I am confident that we will not be the last. See, e.g. , Arias v. Lynch , 834 F.3d 823, 830 (7th Cir. 2016) (Posner, J., concurring) ("It is preposterous that that stale, antiquated, and, worse, meaningless phrase should continue to be a part of American law."); Marciano v. INS , 450 F.2d 1022, 1026 n.1 (8th Cir. 1971) (Eisele, J., dissenting) ("[T]hat the phrase 'crime involving moral turpitude' is unconstitutionally vague and violates the due process clause ... seems manifest by the variety and inconsistency of the various opinions attempting to deal with the phrase."); Jordan v. De George , 341 U.S. 223, 232, 71 S.Ct. 703, 95 L.Ed. 886 (1951) (Jackson, J., dissenting) ("[T]he phrase 'crime involving moral turpitude' ... has no sufficiently definite meaning to be a constitutional standard for deportation."); see also Jennifer Lee Koh, Crimmigration and the Void for Vagueness Doctrine , 2016 Wis. L. Rev. 1127, 1177-79 ; Lindsay M. Kornegay & Evan Tsen Lee, Why Deporting Immigrants for "Crimes Involving Moral Turpitude" Is Now Unconstitutional , 13 Duke J. Const. L. & Pub. Pol'y 47, 48-49 (2017).
The Supreme Court has recognized that "the failure of 'persistent efforts ... to establish a standard' can provide evidence of vagueness." Johnson v. United States , --- U.S. ----, 135 S. Ct. 2551, 2558, 192 L.Ed.2d 569 (2015) (quoting United States v. L. Cohen Grocery Co. , 255 U.S. 81, 91, 41 S.Ct. 298, 65 L.Ed. 516 (1921) ). This case provides yet another example. Under longstanding Board of Immigration Appeals (BIA) precedent, a theft statute does not constitute a crime involving moral turpitude if the statute criminalizes temporary takings. See, e.g. , Matter of H- , 2 I. & N. Dec. 864, 865 (B.I.A. 1947) ; see also Almanza-Arenas v. Lynch , 815 F.3d 469, 476 (9th Cir. 2016) (en banc). The primary opinion holds that, because third-degree robbery under section 164.395 of the Oregon Revised Statutes covers temporary takings, it does not constitute a conviction for a crime involving moral turpitude. But an immigrant who faces deportation today may well face a different result; in 2016, the BIA departed from this decades-old interpretation. See *1061 Matter of Diaz-Lizarraga , 26 I. & N. Dec. 847, 855 (B.I.A. 2016) ; see also Garcia-Martinez v. Sessions , 886 F.3d 1291, 1296 (9th Cir. 2018).
Recognizing that " 'moral turpitude' is perhaps the quintessential example of an ambiguous phrase," we have attempted to resolve these cases on a case-by-case basis. Marmolejo-Campos , 558 F.3d at 909. "Absent consistent or logical rules to follow as we determine whether a crime ... involves moral turpitude, our most useful guidance often comes from comparing the crime with others that we have previously deemed morally turpitudinous." Nunez v. Holder , 594 F.3d 1124, 1131 (9th Cir. 2010). This approach has been, as Judge Fletcher stated, a "failed enterprise." Islas-Veloz , 914 F.3d at 1261 (Fletcher, J., concurring). We should instead recognize that, "[a]bsent consistent or logical rules," Nunez , 594 F.3d at 1131, the phrase "crime involving moral turpitude" is unconstitutionally vague.
I recognize that history is not on our side. The term "crime involving moral turpitude" has persisted in our immigration law since 1891, and in our common law tradition for nearly a century longer. See Julia Ann Simon-Kerr, Moral Turpitude , 2012 Utah L. Rev. 1001, 1010, 1039. Indeed, in holding in 1951 that the term was not void for vagueness, the Supreme Court thought it "significant that the phrase has been part of the immigration laws for more than sixty years." De George , 341 U.S. at 229, 71 S.Ct. 703 ; see also Martinez-de Ryan v. Whitaker , 909 F.3d 247, 252 (9th Cir. 2018). Committed to the principle of stare decisis, we judges are loath to upset long-settled doctrine. As the Supreme Court has recognized, however, "stare decisis does not matter for its own sake. It matters because it 'promotes the evenhanded, predictable, and consistent development of legal principles.' " Johnson , 135 S. Ct. at 2563 (quoting Payne v. Tennessee , 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991) ).
In Johnson , the Court recognized that "[d]ecisions under the residual clause have proved to be anything but evenhanded, predictable, or consistent." Id. The same is true of our tortured attempts to find logical consistency in the term "moral turpitude." Especially given the revitalization of the void-for-vagueness doctrine in Johnson and Sessions v. Dimaya , --- U.S. ----, 138 S. Ct. 1204, 200 L.Ed.2d 549 (2018), the time is ripe for reconsideration of this issue.