NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERONIE JOHN RENEAU,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2361

Agency No.
A205-710-679

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 2, 2025
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge KOH.

Jeronie John Reneau petitions for review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration

Judge (IJ) and denying his motion to remand to the IJ. We have jurisdiction under

8 U.S.C. § 1252. We deny the petition.

1.      An applicant for relief from a removal order has the burden of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

establishing "all aspects of their eligibility."[1] *Pereida v. Wilkinson*, 592 U.S. 224, 227 (2021); 8 C.F.R. § 1240.8(d) (explaining that the applicant "shall have the burden of establishing that he . . . is eligible for any requested benefit or privilege"). This includes "proving they do not stand convicted of a disqualifying criminal offense." *Pereida*, 592 U.S. at 227. The IJ and the BIA (collectively the agency) properly concluded that Reneau did not satisfy his burden of establishing that he is eligible for cancellation of removal when he failed to show that he did not have a disqualifying conviction. *See* 8 U.S.C. § 1229b(b)(1)(A)–(D) (requirements for cancellation of removal). A conviction for a crime involving moral turpitude (CIMT) is disqualifying. 8 U.S.C. §§ 1227(a)(2)(A)(i), 1229b(b)(1)(C).

The agency was permitted to consider Reneau's statements about his conviction for violating Cal. Penal Code § 273.5(a) (2013) when determining whether he was entitled to relief from removal. *See Pereida*, 592 U.S. at 237. When testifying before the IJ, Reneau confirmed that, in January of 2013, he was convicted for "corporal injury on a spouse or co-habitant un[der] Penal Code Section 273.5," and that his spouse was the beneficiary of the order of protection that the judge issued in connection with that conviction. He indicated on his

---

[1] The notice of removal charged Reneau with removability for overstaying his visa. Reneau does not dispute that his admissions during a hearing before the IJ were sufficient for the agency to find him removable.

application for cancellation of removal that he had been "arrested, convicted, or had some other contact with the criminal justice system," but he did not follow the instructions to describe the offense or provide more detailed information. He also failed to disclose documents reflecting his criminal history, such as conviction records. *See Pereida*, 592 U.S. at 236 (stating that "whatever degree of ambiguity remains about the nature" of the petitioner's conviction, "and whatever the reason for it," the petitioner had "not carried his burden of showing that he was not convicted of a crime involving moral turpitude").

We have held that "spousal abuse under § 273.5(a) is a crime involving moral turpitude," *Morales-Garcia v. Holder*, 567 F.3d 1058, 1064 (9th Cir. 2009), but that a conviction under Cal. Penal Code § 273.5(a) is not categorically a CIMT because it is overbroad as to the victim-offender relationship, *id.* at 1064–66. The BIA correctly relied on *Cervantes v. Holder*, 772 F.3d 583, 588 (9th Cir. 2014), to conclude that, as it existed in 2013, § 273.5(a) "is a divisible statute for which a conviction under one portion of the statute (corporal injury against a spouse) will qualify as a CIMT."[2]

---

[2] In its February 2014 decision in this matter, the BIA cited our 2009 decision in *Morales-Garcia*, 567 F.3d at 1064, and recognized that § 273.5 is a divisible statute and that its violation is a CIMT when the victim is the offender's spouse. After we remanded this matter for the agency to consider Reneau's eligibility for cancellation of removal in light of *Pereida v. Wilkinson*, 592 U.S. 224 (2021), the BIA cited our 2014 decision in *Cervantes*, 772 F.3d at 588, and again concluded that "the statue is divisible and that corporal injury against a

Applying the modified categorical approach, the BIA correctly determined that Reneau bore the burden of showing his eligibility for cancellation of removal and failed to show that he did not have a disqualifying conviction. As noted, Reneau confirmed that, in January of 2013, he was convicted for "corporal injury on a spouse or co-habitant un[der] Penal Code Section 273.5." Thus, the BIA properly dismissed the appeal from the IJ's decision and did not abuse its discretion by denying Reneau's motion to remand. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) ("We review the [BIA's] denial of motions to remand for abuse of discretion.").

2. Reneau also argues that the IJ violated his right to due process by denying him the opportunity to present evidence regarding his eligibility for cancellation of removal and adjustment of status. A petitioner is denied due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks and citation omitted), and this unfairness "affected the

---

spouse qualifies as a crime involving moral turpitude." In *Cervantes*, although the petitioner was convicted of violating § 273.5 in 2006, we quoted the 2014 version of the statute. *Id*. at 586. In 2014, § 273.5 was amended to list the categories of victims in separate subheadings and to include an additional category of victims— an offender's "fiancé or fiancée, or someone with whom the offender has, or previously had, an engagement or dating relationship." Cal. Penal Code § 273.5(a), (b) (2014). These structural changes and the additional victim-offender category did not alter our divisibility analysis.

outcome of the proceedings," *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (citation omitted). Reneau has not demonstrated that he was denied due process. He had the opportunity to submit an application for cancellation of removal to the BIA, and he has not shown that he was prima facie eligible for that form of relief. *See Lata*, 204 F.3d at 1246. Reneau also fails to demonstrate that his due process rights were violated in connection with adjustment of status.

3.    Reneau argues that the definition of CIMT is void for vagueness. *See Jordan v. De George*, 341 U.S. 223, 230 (1951) ("The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct."). Reneau, however, recognizes that we are bound by *Martinez-de Ryan v. Whitaker*, 909 F.3d 247, 251–52 (9th Cir. 2018). In *Martinez-de Ryan*, we concluded that *Jordan* foreclosed the argument that the phrase CIMT is unconstitutionally vague, that no recent Supreme Court decisions demonstrated otherwise, and that the court was "obliged" to follow *Jordan*. *Martinez-de Ryan*, 900 F.3d at 252.

**PETITON DENIED.**

*Reneau v. Bondi*, No. 23-2361

KOH, J., concurring in part and dissenting in part:

The agency relied on our decision in *Cervantes v. Holder*, 772 F.3d 583 (9th Cir. 2014), to conclude that California Penal Code § 273.5(a) is divisible. For the reasons below, *Cervantes* is not controlling authority. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (holding that a three-judge panel must follow precedent unless intervening higher authority has "undercut the theory or reasoning underlying the . . . precedent in such a way that the cases are clearly irreconcilable"). Because I would remand to the agency to consider § 273.5(a)'s divisibility in the first instance, I respectfully dissent in part.[1]

A statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *United States v. Buck*, 23 F.4th 919, 924 (9th Cir. 2022) (quoting *Mathis v. United States*, 579 U.S. 500, 505 (2016)). "A statute is not divisible if it merely lists 'alternative means of committing the same crime.'" *Id.* (quoting *Almanza-Arenas v. Lynch*, 815 F.3d 469, 478 (9th Cir. 2016)). In 2013, § 273.5(a) provided that "[a]ny person who willfully inflicts upon a person who is

---

[1] I concur that Reneau failed to establish a due process violation, our precedents foreclose Reneau's argument that the phrase "crime involving moral turpitude" is unconstitutionally vague, and the agency was permitted to consider Reneau's statements about his conviction when determining whether Reneau was entitled to relief from removal under *Pereida v. Wilkinson*, 592 U.S. 224 (2021).

1

his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition is guilty of a felony[.]" Although, *Cervantes* stated that § 273.5(a) is divisible as to each different category of victim, 772 F.3d at 588, intervening authority has "undercut the theory or reasoning underlying" that decision, *Miller*, 335 F.3d at 900.

Two years after we decided *Cervantes*, the Supreme Court in *Mathis v. United States*, 579 U.S. 500 (2016), provided a framework to assist courts in analyzing a statue's divisibility. In *Mathis*, the Supreme Court "instructed courts not to assume that a statute lists alternative elements and defines multiple crimes simply because it contains a disjunctive list." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) (citing *Mathis*, 579 U.S. at 506). Instead, we must consult "authoritative sources of state law" to determine whether a statute contains alternative elements defining multiple divisible crimes or alternative means by which a defendant might commit one indivisible crime. 579 U.S. at 518.

*Cervantes*'s brief statement addressing divisibility cannot be squared with *Mathis*'s framework. In one sentence, *Cervantes* stated that "[o]ur precedents make clear that although § 273.5(a) is not categorically a CIMT, it is a divisible statute for which a conviction under one portion of the statute (corporal injury against a spouse) will qualify as a CIMT, while conviction under other subsections (for example, corporal injury against a cohabitant) will not." 772 F.3d at 588.

Without the benefit of the framework set forth in *Mathis* two years later, Cervantes did not address any of the "authoritative sources of state law" referenced in *Mathis*. 579 U.S. at 518. *Cervantes* did not analyze state case law to determine whether the particular victim types listed in § 273.5(a) are elements of different offenses or alternative means of committing one indivisible offense. *But cf. Mathis*, 579 U.S. at 517-18 (looking to the Iowa Supreme Court's interpretation of an Iowa burglary law to determine divisibility). *Cervantes* did not analyze the statutory text at all.[2] *But cf. Buck,* 23 F.4th at 925 (explaining that statutes enumerating "different crimes with different punishments" are divisible). Nor did *Cervantes* "peek at the record documents," like a plea colloquy or an indictment, to determine whether the listed victims are elements of the offense under state law.[3] *Mathis*, 579 U.S. at 518 (cleaned up).

---

[2] Moreover, as the majority notes, § 273.5(a)'s text was amended in 2014. *Cervantes* quoted the amended 2014 version of § 273.5(a), not the 2013 version of the statute that governs this case. *See* 772 F.3d at 587-88 ("Section 273.5(a) provides that '[a]ny person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony.'").

[3] That *Cervantes* was decided after the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), does not change this analysis. *Cervantes* does not discuss or even cite to *Descamps*. Moreover, we have recognized that *Mathis* casts doubt on some of our precedents, like *Cervantes*, that were decided between *Descamps* in 2013 and *Mathis* in 2016. *See Lopez-Marroquin v. Garland*, 9 F.4th 1067, 1074 (9th Cir. 2021) (applying *Miller*, 335 F.3d at 900).

Instead, *Cervantes* relied solely on two federal precedents that never addressed divisibility. *See* 772 F.3d at 588 (citing *Grageda v. INS*, 12 F.3d 919, 922 (9th Cir. 1993), and *Morales-Garcia v. Holder*, 567 F.3d 1058, 1064 (9th Cir. 2009)). To be sure, *Cervantes* was correct that, under our precedents, corporal injury against a spouse is a CIMT, *see Grageda*, 12 F.3d at 922, and corporal injury against a former cohabitant is not a CIMT, *see Morales-Garcia*, 567 F.3d at 1064. As *Cervantes* recognized, that means § 273.5(a) is not categorically a CIMT. *See* 772 F.3d at 588. But it does not follow that because § 273.5(a) is not categorically a CIMT, the statute is therefore divisible.

To the contrary, after a court determines that a statute is not categorically a CIMT, a court assessing divisibility must determine whether the "alternatively phrased statute" lists "elements," (and is therefore divisible), or merely various factual "means" of committing an offense (and is therefore not divisible). *See Mathis*, 579 U.S. at 518. Neither *Cervantes* nor the precedents *Cervantes* relied upon addressed this "threshold inquiry" as to divisibility. *Id.* Because the agency relied solely on *Cervantes* as the sole basis for its divisibility analysis, I would remand to the agency for a determination of divisibility in the first instance.

4